MONROE BROTHERS & CO., v. FUCHTLER & KERN et al.

*Sale of Land Under Trust Deed—Setting Aside Sale For
Creditors.*

1. A *cestui que trust* may buy at the trust sale for his benefit.

2. The fact that the trustee in a trust deed was a clerk for the *cestui que
trust* does not create a fiduciary relation between the grantors and
the latter.

3. A sale of land made by a trustee fairly and according to the provisions
of the deed will not be set aside for mere inadequacy of price, un-

less such inadequacy is so great as to cause all acquainted with the value of the land to say at once, "The purchaser got the land for nothing!"

CIVIL ACTION to set aside trustee's deed to real estate, heard before *Adams, J.*, at April Term, 1897, of WAYNE Superior Court. The Court gave judgment for the defendants, and the plaintiffs appealed. The facts appear in the opinion.

*Mr. W. C. Monroe*, for plaintiffs (appellants).
*Messrs. Allen & Dortch*, for defendants.

FURCHES, J.: In 1890 the defendants, Fuchtler & Kern, and their wives conveyed the land in controversy to Julius Slocumb in trust to secure the payment of a debt to H. Weil & Bros., and a debt to Sol. Weil, amounting in all to about $1,000. This trust deed contained the usual powers of sale and was filed for registration and registered in 1890, though it was not indexed in the individual names of the grantors or grantee, and there was no alphabetical index of the same ever made. In 1893 the plaintiff recovered a judgment against the makers of said deed in trust for $421.91, which was docketed in Wayne County. After this judgment was docketed in Wayne County, where the land lies, the trustees sold under the power contained in said deed, and S. Weil, one of the *cestuis que* trust in the deed, became the purchaser at the price of $1,000, and said land was alleged to be worth $2,000.

The trustee named in the deed was a clerk of H. Weil & Bros., but said sale was conducted in accordance with the powers and provisions contained in the deed, and was fair and honest.

No money was actually paid at the sale, as the property did not bring enough to pay the debts secured. And the parties to whom the money was going credited the amount of the bid on their debts, and the trustee made the pur-

chaser a deed for the property so sold.   *Easton* v. *Bank*, 127
U. S., 532.

This action is brought by the judgment creditor to set
aside the deed from the trustee to S. Weil, and to have
a resale of the property, the trust debts to be first paid out
of the proceeds and the residue, or a sufficient amount
thereof, applied to the payment of plaintiff's debt.

The parties agreed upon the facts in this case, which we
have in substance stated above.   Upon the facts agreed the
Court gave judgment for defendants and the plaintiff ap-
pealed, and claims that he was entitled to judgment upon
two grounds:

First, That as the trustee, Slocumb, was a clerk for the
firm of H. Weil & Bros., this constituted a fiduciary relation
between the makers of the deed and S. Weil, a member of
the firm of H. Weil & Bros., and the purchaser at the trust
sale.

Second, That the price paid, $1,000, for property worth
$2,000, was so grossly inadequate as to shock the moral
sense of honest men, and cause them to exclaim "That he
got the property for nothing."

The plaintiff, in discussing the first ground, (fiduciary re-
lations), treated the deed of trust as a mortgage, and the
sale by the trustee as a sale by a mortgagee, where he bought
at his own sale, and cited *Gibson* v. *Barbour*, 100 N. C., 192,
as authority for this position.   But the case cited does not
support the contention of the plaintiff.   That case has ref-
erence to a sale by a trustee where the trustee became the
purchaser, and would have been in point if Slocumb had
become the purchaser in this case, and not S. Weil.

It is a mistake, when the plaintiff thinks that because
Slocumb was a clerk in the store of H. Weil & Bros., this
fact created a fiduciary relation between the makers of this
deed of trust and the parties whose debts were secured

therein. *Clark* v. *Trust Co.*, 100 U. S., 149. If this had been a mortgage to S. Weil, the doctrine enunciated in *Hall* v. *Lewis*, 118 N. C., 509; *Atkins* v. *Crumpler*, Ibid., 532, and again in S. C., 120 N. C., 308, would apply, and a presumption of fraud would rest on the purchaser that he would have to explain and make good. But the relations of a trustee to the parties whose debts are secured are very different from those of a mortgagee. He is the agent of both the maker of the deed and the *cestuis que* trust. He is to execute the trust, and all that is required of him is that he shall do this faithfully and honestly, *Hinton* v. *Pritchard*, 120 N. C., 1. The *cestui que* trust has a right to buy at the trust sale. *Hinton* v. *Pritchard, supra; Smith* v. *Black*, 115 U. S., 308; *Easton* v. *Bank, supra.*

It is admitted by the plaintiff in the case agreed that, "this sale was conducted in accordance with the provisions of the trust deed and was *fair and honest.*" We must therefore hold that the plaintiff has failed to show that he is entitled to have the deed to Weil set aside and a re-sale ordered, upon the first ground assigned.

The second ground is that the great inadequacy of the price paid, $1,000, for a $2,000 house and lot, of itself, entitles the plaintiff to the relief demanded—admitting the honesty and good faith of the trustee, Slocumb, in making the sale. And for this position he cites *Fullenwider* v. *Roberts*, 20 N. C., 278, *Worthy* v. *Caddell*, 76 N, C., 82, and *Trust Co.*, v. *Forbes*, 120 N. C., 355.

*Fullenwider* v. *Roberts* was an action of ejectment under the old practice, no equity in it, but was a question of law under 27th Elizabeth. In that case, one Falls had sold his land for $500, upon such long time and for such inadequacy in price, that it was contended by the plaintiff that it was fraudulent; that the plaintiffs afterwards purchased the same land for $50 and brought suit against those in posses-

MONROE *r.* FUCHTLER.

sion, under the former sale, for possession who defended upon the ground that the plaintiff was not a *bona fide* purchaser for value under 27th Elizabeth. It was shown that the land was worth $25,000, and that $50 was only one five hundredth part of its value. Upon this state of facts, the Court held that the price paid was so small, compared with the value of the land, that it amounted to no consideration, and the plaintiff was not protected by 27th Elizabeth, In delivering the opinion in that case, Judge Ruffin uses the language, quoted by the plaintiff, that "where the price given or pretended to be given, that every body who knows the estate will exclaim at once, 'why, he got the land for nothing,' the law would be false to itself if it did not say sternly and without qualification to such a person that he had not entitled himself to the grace and protection of the statute." But this language was not invoked by that great Judge in aid of any equity jurisdiction, as contended for by the plaintiff in this case. Nor are the facts of this case anything like the facts in that case.

The case of *Worthy* v. *Caddell*, 76 N. C., 82, was an application to sell land for assets by the administrator of one Morris, commenced before the Clerk in the Superior Court of Moore County, in which fraud was alleged, as provided by statute. So it was purely a legal question arising under 13th Elizabeth—the action being for the benefit of creditors. And the learned Chief Justice who delivered the opinion of the Court in that case, put the opinion of the Court upon the principles announced in *Fullenwider* v. *Roberts*. There were no principles of equity involved in that case,

The principles announced in *Trust Co.* v. *Forbes*, 120 N. C., 355, so far as they have any bearing, sustain the contention of the defendant in the case. *Smith* v. *Black*, and *Easton* v. *Bank*, *supra*. We do not say but what the facts in

121—14

this case create suspicion of fraud upon our minds. But we cannot give plaintiff the relief demanded, because we may suspect that there has been something wrong—fraud—in this transaction, on the part of the defendants.

After a careful investigation of the whole matter, we find no error and the judgment is affirmed.

Affirmed.