T. M. LUTZ et al. v. L. W. HOYLE et al.

(Filed 16 December, 1914.)

1. **Trusts and Trustees—Parol Trusts—Evidence—Common Law.**

There being no statute in North Carolina to the contrary, the common-law rule prevails here, that a trust may be created by parol agreement entered into between the parties before or at the time of the transmission of the legal title to lands, and that when created it attaches to and becomes a part of the title, the difference between establishing a parol trust and that under a sufficient writing being only in the mode and degree of proof.

2. **Same—Equitable Mortgage—Equity of Redemption—Foreclosing—Power of Sale—Courts—Decree.**

Where it is established that a purchaser of lands agreed by parol at the time of the purchase that he would bid in the lands at a certain price and hold them for the benefit of the other party to the agreement, and convey to him upon a part payment of the purchase price at a specified time, and take a mortgage for the balance, etc., and subsequently refuses to carry out this agreement, in a suit to declare a parol trust upon the land it is *Held*, that the effect of the conveyance is to vest in the plaintiff an equitable estate of redemption, which cannot be foreclosed in the absence of an abandonment of the right and in the absence of a power of sale, legally ascertained, except by decree of a court of equity, the relation of the parties being that of mortgagor and mortgagee.

3. **Trusts and Trustees—Parol Trusts—Equitable Mortgage—Readiness to Pay—Equity of Redemption.**

A parol trust in plaintiff's favor engrafted upon the title to lands acquired by the defendant, and the relation of mortgagor and mortgagee (without power of sale) having been established, an answer to the issue finding that the plaintiff was not ready, able, and willing to pay the money secured, does not necessarily bar the plaintiff's right to redeem.

4. **Trusts and Trustees—Parol Trusts—Equitable Mortgage—Ready, Etc., to Pay—Issues—Verdict.**

The plaintiff having established by parol an interest in his favor in the nature of an equitable mortgage in the lands, conveyed to the defendant, it is *Held*, that an answer to an issue including the findings of facts, that the plaintiff was not and is not ready, able, and willing to comply with the terms of the agreement, does not bar the plaintiff of his equitable interest, it appearing of record that the plaintiff had offered to pay the full amount of the purchase price, with interest, etc., into court for the use of the defendant, and that actual payment was waived by him, and it is *Further held*, under the instruction of the court, in this case, that the jury must have found by their answer to this issue that the plaintiff could not have paid the money from his own earnings, which does not preclude the right of the plaintiff to have obtained the money from other sources.

5. **Trusts and Trustees—Parol Trusts—Leases—Estoppel.**

In this action to establish an equity arising "in the defendant's title to land" it is *Held*, that an issue as to whether the plaintiff was estopped by

certain leases from maintaining his action for specific performance was correctly answered under the authority of *Hauser v. Morrison*, 146 N. C., 252.

APPEAL by plaintiff from *Harding, J.*, at July Term, 1914, of LIN-COLN.

Civil action, brought by plaintiffs to declare a parol trust, plaintiffs alleging that the defendant L. W. Hoyle took the legal title to a certain tract of land under contract to hold it in trust for the plaintiffs, and that said L. W. Hoyle, at or before the time he took the legal title, contracted to bid it in at the sale under a mortgage or deed of trust, and to convey the land in controversy to the plaintiffs at the end of three years upon their paying him the sum of $3,000 and executing to him a mortgage on said land for $3,000, and upon their paying the accrued interest on $6,000.

The jury returned the following verdict:

1. Did L. W. Hoyle agree with the plaintiffs, at or before the time of sale of the land under the mortgage referred to in the complaint, that he would bid the land in at the sale for $6,000 and hold it for their benefit, and convey it to them upon the payment of $3,000 in cash at the end of three years, and take a mortgage on the land for the balance of the $6,000, and that the defendant should pay the interest and taxes on the land? Answer: "Yes."

2. Were the plaintiffs ready, willing, and able to comply with their part of the agreement, and are they now ready, willing, and able to comply with their part of said agreement? Answer: "No."

3. Are the plaintiffs estopped by the leases referred to in the answer from maintaining this action for specific performance? Answer: "No."

Judgment was entered upon the verdict in favor of the defendant, and the plaintiffs excepted and appealed.

*L. B. Wetmore, Charles A. Jonas, and Manning & Kitchin for plaintiffs.*
*C. E. Childs and Cansler & Cansler for defendants.*

ALLEN, J. If a declaration had been incorporated in the deed executed to the defendant that he held the title to the land in trust to secure the payment of $6,000 and interest, $3,000 to be paid in three years and $3,000 thereafter, and then in trust for the plaintiffs, it could not be contended that the defendant has an absolute and indefeasible title, although the plaintiffs may not have been ready, willing, and able to pay.

Such a conveyance would have vested in the plaintiffs an equitable estate, an equity of redemption, which could not be foreclosed, in the absence of a power of sale, without the consent of the plaintiffs, legally

ascertained, except by the decree of a court of equity. It would have established substantially the relation of mortgagor and mortgagee. *Freeman v. Bell,* 150 N. C., 149.

Speaking of a similar contract in *Mason v. Hearne,* 45 N. C., 90, *Pearson, J.,* says: "The agreement in writing, signed by the defendant, shows upon its face that the real intention of the parties to the transaction was to create merely a *security,* and for this purpose the legal title was conveyed to the defendant, in trust to secure the repayment of the $30, with interest, and then in trust to convey to the plaintiff. Such being the intention of the parties, *time is not of the essence of the contract* in this Court; which is the principle upon which the Court allows the equity of redemption, after the estate at law has become absolute, in all cases where the intention was to create *merely a security."*

The same result follows if, instead of declaring the trust in the deed, it had been absolute in form, and a separate paper had been executed at the same time containing the declaration of trust, upon the familiar principle that writings executed at the same time and relating to the same subject-matter are to be construed together as one paper. *Cheek v. B. and L. Assn.,* 126 N. C., 244; *Porter v. White,* 128 N. C., 44.

If this is true of a declaration in trust contained in a deed, or in a separate writing executed at the same time, what difference does it make in the relation of the parties if the trust is established by parol and not by some writing?

The seventh section of the English Statute of Frauds, providing that declarations of trust shall be in writing, has not been adopted in this State (*Shelton v. Shelton,* 58 N. C., 292), and in the absence of a statute the common-law rule prevails, that a trust may be created by parol agreement entered into before or at the time of the transmission of the legal title, and that when created it attaches to and becomes a part of the title.

It was held in *Sykes v. Boone,* 132 N. C., 199, that a trust declared by parol at the time the legal title passed, to the effect that the vendee should hold in trust for a third person and convey to her on receiving the purchase money paid by him, was not within the statute of frauds, and was valid and enforcible; and in *Taylor v. Wahab,* 154 N. C., 223, that it is annexed to the legal estate; and in *Avery v. Stewart,* 136 N. C., 436, the Court says: "Where one person agrees before a sale to buy the property proposed to be sold for the use and benefit of another, although the former may advance all of the purchase money, it has been held that such a transaction is equivalent to a loan of the money and a taking of the title as security for its repayment, even if there is no suppression of bidding or other equitable element; and the purchaser who has thus acquired the legal title will not be permitted to hold it and repudiate his promise."

If, therefore, no writing is required, and a trust created and established by parol is valid and enforcible and is annexed to the legal title, it follows that when created and established, the same relationship exists between the parties as if established by some writing, the difference between the two being only in the mode and degree of proof.

In *Owens v. Williams,* 130 N..C., 168, which has been twice affirmed, *Furches, C. J.,* speaking for the Court, says: "As the statute of frauds does not apply to the declaration of trusts in this State, whenever the terms of the parol trust are established they have the same force and binding effect as if they had been in writing. So the facts found in the case going to establish the trust have the same binding effect upon the defendant as if they had been incorporated in the deed from Faison to the defendant. And had this been done, it seems to us there could be no ground upon which the defendant could dispute the trust."

The same equitable principle was considered in a learned opinion by *Justice Walker* in *Bateman v. Hopkins,* 157 N: C., 470, involving the rights of the parties under a contract to convey, where, after discussing the authorities, he concludes that "The general and clear result of the best considered authorities is that the vendor, especially when he has been and is in default himself, or when he has denied or repudiated the contract, cannot insist upon the failure to tender the money or to bring it into court for the purpose of performance, but will be left to such protection as the court can afford in the decree, which will be shaped so as to carry out the purposes of the contract fairly and equitably, without any great regard for technicalities, the object being to do justice to both parties without unnecessarily sacrificing the rights of either. This is the wisest and safest doctrine."

If the premises we have laid down are correct, the conclusion follows that the finding upon the second issue does not bar the equity of the plaintiffs.

According to the finding upon the first issue, the defendant has never had any interest in the land in controversy, except to secure the payment to him of $6,000 and interest, and has never been entitled to anything except his money; and when the court requires that to be paid, he must be content.

We have thus far considered the record in the most favorable light for the defendant, and have assumed that the jury has found, in answer to the second issue, that the plaintiffs have not, at any time, been ready, willing, and able to pay; but this is not a proper construction of the verdict. The second issue includes two facts: (1) Were the plaintiffs ready, willing, and able? (2) Are they now ready, willing, and able?

The jury could not answer the second question in the negative, because it is stated in the case on appeal, as an admission of the parties, that the

plaintiffs offered to pay $6,000 and interest to the court for the use of defendants, and that actual payment was waived, and the answer to the first question, when read in the light of his Honor's charge, that the jury must answer the second issue "No," unless they found that the plaintiffs had $3,000 "of their own earning, raised by reason of their own industry," does not negative the ability of the plaintiffs to procure the money from some other source, as they had the right to do.

The answer to the second issue, thus interpreted in connection with the admission in the record and with the charge, means no more than that the plaintiffs have not accumulated enough money from their own earnings to pay the amount due the defendant, and does not affect their right to equitable relief.

We are, therefore, of opinion a decree ought to have been entered upon the verdict in favor of the plaintiffs.

There is no exception to the third issue, which was answered in favor of the plaintiffs; but since it was adverted to in the argument, we will say it seems to have been answered correctly under the authority of *Hauser v. Morrison,* 146 N. C., 252.

The Superior Court will enter judgment upon the verdict in accordance with this opinion.

Reversed.