### W. D. ALLEN v. T. T. GOODING.

(Filed 7 March, 1917.)

**1. Parol Trusts—Lands—Options—Deeds and Conveyances—Grantor.**

Where the plaintiff has been put to trouble and expense in securing an option to himself on lands of nonresident under parol agreement that he and the defendant were to buy them jointly, which option he assigns to the defendant, who subsequently, and without his knowledge, exercises his right and takes title to himself, and thereafter repeatedly promises to conform to his agreement and convey the plaintiff his part, which he since refused to do: *Held,* an option does not transfer title to the lands, and the plaintiff is entitled to enforce the parol trust in his favor, the principle that a grantor of lands cannot enforce a parol trust therein in his favor (*Gaylord v. Gaylord,* 150 N. C., 222) not applying.

**2. Limitation of Actions—Parol Trusts—Deeds and Conveyances.**

This suit upon a parol agreement made in 1911, and brought in 1916, to enforce a parol trust in land thereunder is held not to be barred by the statute of limitations.

APPEAL by defendant from *Lyon, J.,* at October Term, 1916, of CARTERET.

*Moore & Dunn for plaintiff.*
*D. L. Ward, Abernethy & Davis, and R. E. Whitehurst for defendant.*

CLARK, C. J. The plaintiff and defendant had been engaged for some time in business, trading as partners, when in 1910 or 1911 the plaintiff informed the defendant that he had discovered some property owned by nonresidents. Defendant said to the plaintiff that he had

already tried to buy it, but had been unable to do so. Finally they agreed, after discussion, to buy it jointly and the plaintiff was to have one-half interest in the land if he would procure the title thereto, and pursuant to this agreement the plaintiff at his own cost went to Alabama in May, 1911, and located the heirs for the two tracts of land. He ascertained at what price the land could be bought, but, not having sufficient money, he returned to this State and reported to the defendant, giving him the family history showing the heirs to whom the property belonged. It was then agreed that they would buy the Abner Neal tract and the Jones or Borden tract, and in pursuance of such agreement the plaintiff returned to Alabama in June, 1911. Just before going he received from the defendant two deeds to be executed by the Borden heirs in which the defendant alone was named as grantee, but with them was a note from the defendant saying: "You take the deeds in my name and I will deed you your half when you come back home." With these deeds and letter there was a check for $200 in part payment of expenses, and the purchase price. Pursuant to the agreement, the plaintiff went to Alabama and had these deeds executed, and further in pursuance of the understanding and agreement that the defendant would convey plaintiff's one-half interest, secured options on the other tract of land, as he alleges.

On his return the plaintiff delivered to the defendant the deeds and the options. Later, finding that the deeds executed upon these options had been taken in the defendant's name alone, he spoke to the defendant of the matter, who stated to him that he would make him a deed for his one-half interest as soon as the pending lawsuit between the Defiance Box Company and himself had been determined, and to all subsequent requests that the defendant should execute a conveyance of one-half the land the defendant had always replied: "Wait until the suit with the Defiance Box Company is settled." That suit was settled in January, 1916, and the defendant then said that he would make the conveyance as soon as the controversy with the Roper Lumber Company and himself was settled.

After this and other controversies were settled, the defendant still delaying to make the agreed conveyance, the plaintiff brought this action to enforce the trust and to compel defendant to execute conveyance for one-half interest in the land, as per the written agreement as to the Borden land above referred to and the oral agreement as to the other tract. It is in evidence that the consideration agreed upon had been paid, and that the plaintiff had spent time and trouble in procuring the deeds and options under the agreement. The defendant disputed the allegations of fact to some extent, but the jury have found that "The defendant agreed with the plaintiff to join with him in

buying the lands described in the complaint for their joint benefit and to take the title to the same, one-half interest therein each for the plaintiff and defendant, as alleged in the complaint, but that the defendant thereafter caused the title to said land to be made to himself and refused to convey any part thereof to the plaintiff." This was a matter of fact upon the evidence.

The jury also found, under the instructions of the court, that the plaintiff's cause of action was not barred by the statute of limitations, which was correct.

There is scarcely need for any discussion as to the Borden land, as to which the written agreement was in testimony. But the defendant earnestly insists that he cannot be forced to execute the trust as to the Abner Neal tract. It is well settled in this State that such trust is enforcible, even though there was no writing concerning such agreement, and there are facts and circumstances here which justified the jury in finding with the plaintiff as to the oral agreement in regard to the Neal tract. *Owens v. Williams,* 130 N. C., 168; *Cobb v. Edwards,* 117 N. C., 252; *Shields v. Whitaker,* 82 N. C., 522.

In *Avery v. Stewart,* 136 N. C., 435, *Walker, J.,* says: "More accurately considered, constructive trusts have no element of fraud in them, but the court merely uses the machinery of a trust for the purpose of affording redress in cases of fraud and of working out the equity of the complainant. The party guilty of the fraud is said, in such cases, to be a trustee *ex maleficio,* and will be decreed to hold the legal title for the use and benefit of the injured party and to convey the same when necessary for his protection, as when one has acquired the legal title to property by unfair means. The jurisdiction is exercised distinctly, upon the ground of the fraud practiced by the party against whom relief is prayed," citing Bispham Equity, 125, 126, 143; *Wood v. Cherry,* 73 N. C., 110. Such trusts are, of course, not affected by the statute of frauds. *Gorrell v. Alspaugh,* 120 N. C., 362. "Where one party has by his promise to buy, hold, or dispose of real property for the benefit of another induced action or forbearance by reliance upon such promise, it would be a fraud that the promise should not be enforced." Bispham on Equity, sec. 218.

In *Glass v. Hulbert,* 102 Mass., 39, it is said: "When a party acquires property by conveyance or devise secured to himself under assurance that he will transfer the property to or hold and appropriate it for the use and benefit of another, a trust for the benefit of such other person is charged upon the property, not by reason merely of the oral promise, but because of the fact that by means of such promise he had induced the transfer of the property to himself."

The whole subject has, however, been too fully discussed by *Mr.*

*Justice Walker* in *Avery v. Stewart, supra,* and the principles are too well settled to need any further consideration by us. But the defendant insists, however, strenuously that as to the Neal tract of land he cannot be decreed to execute title to the plaintiff for one-half under his oral trust, as found by the jury, because it was held in *Gaylord v. Gaylord,* 150 N. C., 222, that when a deed has been executed the grantor cannot allege that there was an oral trust which he could enforce against the trustee, because this would be to contradict the deed. This principle is well settled and has been repeatedly cited and approved, *Trust Co. v. Sterchie,* 169 N. C., 22, and cases there cited; *Campbell v. Sigmon,* 170 N. C., 351. It has no application, however, in this case. Here the title was not in the plaintiff, but in pursuance of the agreement between himself and the defendant, and by his efforts in procuring the owners to give options and deeds and upon payment of the money and rendition of services, the deeds and options were executed to the defendant upon an agreement that he would execute conveyance for one-half thereof to the plaintiff. This is not annexing a trust to a conveyance by the plaintiff to the defendant, but the procuring of a title from the owners of the land to the defendant upon an agreement that he would hold the same jointly in trust for himself and the plaintiff. There was testimony of this agreement and of the repeated promises of the defendant from time to time to execute the trust by making the conveyance as soon as pending litigation was terminated.

It is true that the "options" (for the Neal land) were taken in the name of the plaintiff and were assigned by him to the defendant, but the deeds therefor were executed direct to the defendant by the owners, and, as the jury find, in pursuance of the oral agreement between the plaintiff and the defendant. The defendant well says in his brief: "The plaintiff never had title to the land in controversy." The doctrine in *Gaylord v. Gaylord, supra,* could, therefore, have no application.

The jury have found the facts in accordance with the plaintiff's contention, and in accordance with the well settled principles of law the court decreed that the defendant should execute the trust by conveying one-half interest in both tracts to the plaintiff.

It is not necessary to discuss all the exceptions in detail. After considering all the exceptions we find

No error.