HENRY WINCHESTER, ADMINISTRATOR, v. MARY W. WINCHESTER ET AL.

(Filed 19 November, 1919.)

1. **Trusts— Mortgages— Sales— Foreclosure — Purchasers — Mortgagors — Deeds and Conveyances—Issues—Judgments—Evidence.**

   The widow and administrator of the deceased husband, who had joined in his deed in trust on lands to secure bonds or notes given to third persons, may bid in the lands at the trustee's foreclosure sale at its full value and obtain title, and upon the suit of a second mortgagee, or his personal representative to set aside the foreclosure sale and to declare the deed to the widow void as to creditors, the question as to whether the sale was made at the request of the holders of the bonds or the widow is immaterial, and will not affect the judgment rendered in her favor, nor will the refusal of issues tendered, but not supported by the evidence, be held for error.

2. **Appeal and Error—Objections and Exceptions—Instructions—Contentions.**

   For exceptions based upon an alleged erroneous statement of a party's contention by the trial judge to the jury, to be considered on appeal, it must appear that the judge was requested to correct his statement at the time, and failed or refused to do so.

APPEAL by plaintiff from *Adams, J.,* at April Term, 1919, of MECKLENBURG.

On 1 August, 1913, Dr. F. M. Winchester and his wife, Mary W. Winchester, executed to J. H. Little, trustee, a deed of trust on the property in question, securing the payment of two notes or bonds, one in the sum of $1,200, due Margaret A. Hilton, and one in the sum of $1,000, due P. S. McLaughlin. On 6 May, 1918, said trustee foreclosed the said deed of trust, and the defendant, Mary W. Winchester, purchased said property at said sale for $3,000. The plaintiff's intestate held a second

deed of trust on said property, and brings this action to set aside the fore-closure sale, and to have the deed to said Mary W. Winchester declared void, or for judgment that she account to plaintiff and other creditors for the alleged difference between the purchase price of the property and the fair market value thereof, alleging that she procured the sale by the trustee to hinder and delay and defeat the claim of the plaintiff and other creditors of Dr. Winchester, and that she purchased the property for a grossly inadequate consideration. The court found, in response to the issues that Mary W. Winchester qualified as executrix on her husband's estate, which is indebted to the estate of the plaintiff's intestate in the sum of $480, and that the market value of the lot at the time of the sale was $3,000. Judgment in favor of defendant, and appeal by plaintiff.

*Brenizer & Taylor for plaintiff.*
*Stewart & McRae for defendants.*

CLARK, C. J. The jury found, by consent, that Mary W. Winchester was executrix of the estate of Dr. F. M. Winchester, and that the estate owed the plaintiff $480, and upon the evidence that the lot bought by Mary W. Winchester brought its full value. The plaintiff excepted, because the court did not submit to the jury four other issues, whether the sale was made at the request of the defendant executrix, or at the request of the owners and holders of the bonds secured by the mortgage; whether the executrix procured the sale to be made for the purpose of obtaining title to the land for herself, freed from the claims of the plaintiff and other creditors, and lastly, whether she procured the sale to be made to defeat the claim of plaintiff and other creditors. *Monroe v. Fuchtler,* 121 N. C., 101.

It was not error to refuse to submit these issues, among other reasons, because there was no evidence to justify doing so, except as to the issue suggested as to whether the owners and holders of the bonds secured by the deed of trust to Little, trustee, requested him to make the sale, and it was no error to refuse to submit this issue because it would not have affected the judgment even if the issue had been found as the plaintiff desired.

Besides, the finding of the jury that the plaintiff paid full value for the property, it must be noted that *Froneberger v. Lewis,* 79 N. C., 426, relied on by the plaintiff, has no application, for the defendant executrix was not buying at a sale made by herself, but was purchaser at a sale made by the trustee in the deed of trust. Moreover, she had an interest to protect, for she had joined in the mortgage releasing her right of dower, and it was not improper that she should protect herself by buying the property.

As for the alleged error in reciting the contentions of the parties, this cannot be considered unless it appeared that counsel at the time called the matter to the attention of the court, and asked that it be corrected. *Bradley v. Mfg. Co.,* 177 N. C., 155, and cases there cited.

No error.