This is an action to have certain deeds and deeds of trust described in the complaint adjudged void and set aside as against the plaintiffs, to the end that the plaintiffs may redeem the land which they had conveyed by a deed of trust to J. H. LeRoy, trustee, to secure their note to the defendant Albemarle Fertilizer Company, Inc., and for other relief.
The facts shown by the evidence at the trial are as follows:
On 19 April, 1910, J. C. Meekins, Sr., by a deed which was duly recorded in the office of the register of deeds of Tyrrell County, conveyed to the plaintiff Ellen Hill, wife of the plaintiff Charles W. Hill, a certain tract of land situate in Tyrrell County, containing 480 acres, more or less, and known as the Ben Hassell Farm. The plaintiffs entered into possession of said tract of land, under said deed, and cultivated the same until some time in December, 1931, when they surrendered such possession to the defendant W. S. Carawan.
On 10 March, 1926, the plaintiffs, by a deed of trust which was duly recorded in the office of the register of deeds of Tyrrell County, conveyed the said tract of land to J. H. LeRoy, trustee, for the purpose, as recited in said deed of trust, of securing the payment of their note to the defendant Albemarle Fertilizer Company, Inc., in the sum of $1,846.42. The said note was due and payable one year after date, to wit: 10 March, 1927. The consideration of said note was fertilizer sold and delivered by the said Albemarle Fertilizer Company, Inc., to the plaintiffs. The said fertilizer had been used by the plaintiffs in the cultivation of said tract of land. On 4 August, 1928, the plaintiffs paid on said note the sum of $306.24, which was duly credited by the holder of the note. No other or further sum was paid on said note.
On 21 July, 1931, default having been made by the plaintiffs in the payment of said note, J. H. LeRoy, trustee, at the request of the Albemarle Fertilizer Company, Inc., the holder of said note, after fully complying with all the terms of the power of sale contained in said deed of trust, offered said tract of land for sale to the highest bidder, for cash, at the courthouse door in the town of Columbia, in Tyrrell County, when and where the defendant Albemarle Fertilizer Company, Inc., was the last and highest bidder in the sum of $1,000.00; the said J. H. LeRoy, trustee, immediately reported said sale to the clerk of the Superior Court of Tyrrell County, who, after the expiration of ten days, confirmed said sale by an order dated 3 August, 1931, and ordered the said J. H. LeRoy, trustee, upon compliance by the Albemarle Fertilizer Company, Inc., with its bid, to execute and deliver to the said Albemarle Fertilizer Company, Inc., a deed conveying the said tract of land to said company in fee. Pursuant to said order, and by virtue of the power of sale *Page 419 
contained in said deed of trust, J. H. LeRoy, trustee, by a deed dated 8 August, 1931, and duly recorded in the office of the register of deeds of Tyrrell County, conveyed the said tract of land to the defendant Albemarle Fertilizer Company, Inc., in fee simple.
At the date of the execution by the plaintiffs of the deed of trust to J. H. LeRoy, trustee, and at the date of the sale of the tract of land conveyed thereby under the power of sale contained in said deed of trust, J. H. LeRoy was a stockholder of the Albemarle Fertilizer Company, owning not to exceed two shares of its capital stock, and was the manager of the said Albemarle Fertilizer Company, Inc., having charge of its business in Tyrrell County. Prior to advertising the said tract of land for sale under the power of sale contained in said deed of trust, J. H. LeRoy went to the home of the plaintiffs in Tyrrell County, and there notified the plaintiff Charles W. Hill that in view of the fact that plaintiffs had not paid taxes on said tract of land due to Tyrrell County, and had permitted Tyrrell County to sell said tract of land for taxes, he would advertise said tract of land for sale as trustee in the deed of trust executed by the plaintiffs. Thereafter, at the request of W. N. Gregory, president of the Albemarle Fertilizer Company, Inc., the said J. H. LeRoy, trustee, duly advertised and sold the said tract of land. After the sale and conveyance of said tract of land, J. H. LeRoy ceased to be manager of the Albemarle Fertilizer Company, Inc., having been discharged as such manager by J. V. Champion, who had succeeded W. N. Gregory as president of the said company.
On 23 November, 1931, the defendant Albemarle Fertilizer Company, Inc., by deed duly recorded in the office of the register of deeds of Tyrrell County, in consideration of the sum of $1,631.03, conveyed the said tract of land to the defendant W. S. Carawan, who immediately went to the home of the plaintiffs in Tyrrell County, and there notified them that he had purchased said tract of land from the defendant Albemarle Fertilizer Company, Inc. In addition to the purchase price which he paid for said tract of land, as recited in his deed, the defendant W. S. Carawan paid the taxes due on said tract of land to Tyrrell County for the years 1929, 1930, and 1931, aggregating the sum of $726.01, making the total amount which he paid for said tract of land $2,357.06. Some time during the month of December, 1931, the plaintiffs surrendered possession of said tract of land to the defendant W. S. Carawan, and rented from him a farm on said tract of land, which they cultivated as tenants of the said W. S. Carawan during the years 1932 and 1933. Other farms on said tract of land were rented by the said W. S. Carawan to other persons, who cultivated the same as his tenants during the years 1932 and 1933. *Page 420 
After he took possession of said tract of land under his deed from the defendant Albemarle Fertilizer Company, Inc., on or about 1 January, 1932, and while the plaintiffs were in possession of a farm on said tract of land as his tenants, the defendant W. S. Carawan expended a large sum of money, to wit: $3,802.52, in making improvements on said tract of land. He employed the plaintiff Charles W. Hill to supervise the laborers who made the improvements, and paid him for his services. The plaintiff Ellen Hill knew that her husband, Charles W. Hill, had been employed by the defendant to supervise said improvements, and that he was paid by the defendant for his services. She also knew that her husband, Charles W. Hill, was paying rent to the defendant for the farm on said tract of land, which he and she were cultivate during the years 1932 and 1933. At no time prior to the commencement of this action did the plaintiffs, or either or them, make any claim or demand on the defendant W. S. Carawan, or the defendant Albemarle Fertilizer Company, Inc., with respect to said tract of land.
This action was begun in the Superior Court of Tyrrell County, on 24 January, 1934. At April Term, 1935, of said court the action was removed from said court to the Superior Court of Chowan County for trial. Thereafter, on 16 May, 1935, the Federal Farm, Loan Bank of Columbia, S.C., and W. O. McGiboney, trustee, were duly made parties defendant.
On 19 March, 1934, the defendant W. S. Carawan and his wife, by two deeds of trust, which were duly recorded in the office of the register to deeds of Tyrrell County, conveyed the said tract of land to the defendant W. O. McGiboney, trustee, to secure the payment of their notes aggregating the sum of $8,000, payable to the order of the defendant, The Federal Farm Loan Bank of Columbia, S.C. The consideration for said notes was money loaned by the defendant, The Federal Farm Loan Bank, to the defendant W. S. Carawan. Neither of these notes has been paid.
There was conflict in the evidence as to the value of the tract of land at the date of the sale by J. H. LeRoy, trustee, under the power of sale contained in the deed of trust to him executed by the plaintiffs. The evidence for the plaintiffs tended to show that said tract of land at said date was worth from $10,000 to $15,000; the evidence for the defendants tended to show that said tract of land was worth, at said date, and before the improvements were made thereon by the defendant W. S. Carawan, during the year 1932, from $2,500 to 3,000.
At the close of all the evidence, the action was dismissed by judgment as of nonsuit, and the plaintiffs appealed to the Supreme Court, assigning as error said judgment. *Page 421 
At the trial of this action, there was no contention by the plaintiffs, or by either of them that the deed of trust, which was executed by them on 10 March, 1926, to J. H. LeRoy, trustee, was for any reason void or voidable. They conceded that said deed of trust was valid in all respects, and that their note secured by said deed of trust was due and payable at the date of the sale by the trustee under the power of sale contained in the deed of trust. They contended that notwithstanding the foreclosure of the deed of trust by the sale of the tract of land conveyed thereby, under the power of sale contained in the deed of trust, they now have the right to redeem said tract of land by paying the note secured thereby, for the sole reason that the purchase price paid for said tract of land by the defendant Albemarle Fertilizer Company, Inc., was grossly inadequate.
There was no evidence at the trial tending to show that there was actual fraud, oppression, or unfairness on the part of the trustee or of the creditor whose debt was secured by the deed of trust, in advertising or selling the tract of land. All the evidence showed that the sale was made after a strict compliance by the trustee with all the terms of the power of sale contained in the deed of trust. The plaintiffs, with full knowledge that the land had been sold under the power of sale contained in the deed of trust, and that the defendant Albemarle Fertilizer Company, Inc., was the purchaser at the sale, and had thereafter conveyed the land to the defendant W. S. Carawan, surrendered possession to the defendant W. S. Carawan, and rented from said defendant a farm on said land, which they cultivated as tenants of said defendant for two years before the commencement of this action. They knew that while they were in possession of said farm, as his tenants, the defendant W. S. Carawan was expending large sums of money in making necessary improvements on said tract of land.
In Roberson v. Matthews, 200 N.C. 241, 156 S.E. 496, it is said:
"Mere inadequacy of purchase price alone is not sufficient to upset a sale when duly and regularly made. But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither standing alone may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties. Weir v. Weir,196 N.C. 268, 145 S.E. 281." *Page 422 
In Bunn v. Holliday, 209 N.C. 351, 183 S.E. 278, it is said: "It is well settled in this jurisdiction that the cestui que trust has a right to buy at the trust sale unless fraud or collusion is alleged and proved.Monroe v. Fuchtler, 121 N.C. 101; Hayes v. Pace, 162 N.C. 288;Winchester v. Winchester, 178 N.C. 483; Simpson v. Fry, 194 N.C. 623. See Hinton v. West, 207 N.C. 708. The principle is different as between mortgagor and mortgagee. Lockridge v. Smith, 206 N.C. 174.
"After the sale by the trustee and the purchase by the defendants, Holiday and Whitaker, of the plaintiff's land, the plaintiff, who was suijuris, rented the land from them, and for several years paid the rent to them. We think from plaintiff's testimony that he is estopped and the nonsuit was proper."
As there was no error in the judgment of nonsuit as to the defendant Albemarle Fertilizer Company, Inc., the judgment is affirmed without considering the contentions on this appeal of the other defendants, that they are innocent purchasers, without notice of equities, if any, of the plaintiffs against the defendant Albemarle Fertilizer Company, Inc.
Affirmed.