NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM v. H. V. HARDY AND A. G. PHELPS,

and

H. V. HARDY AND WIFE, EUNICE V. HARDY, v. NORTH CAROLINA JOINT STOCK LAND BANK AND W. G. BRAMHAM AND T. L. BLAND, RECEIVERS OF THE FIRST NATIONAL TRUST COMPANY OF DURHAM, INC.

(Filed 7 April, 1937.)

1. **Mortgages § 39c—Lease by trustor after foreclosure and judgment in ejectment against him held to estop him from attacking validity of sale.**

Where, after the foreclosure of a deed of trust, the trustor leases the land from the *cestui,* who purchased same at the sale, and thereafter judgment is entered, unappealed from, ordering the trustor to surrender

possession, the trustor is estopped from attacking the validity of the sale on the ground that it was conducted by an agent of the *cestui*, both by the lease and the judgment.

**2. Pleadings § 22—**

Where plaintiff moves to amend his complaint almost a year after the filing of the complaint, and after defendant had moved for judgment on the pleading, an order of the trial court denying the motion to amend is without error.

APPEAL by H. V. Hardy and wife from *Sinclair, J.,* at December Term, 1936, of GREENE. Affirmed.

The two cases were by consent consolidated for the purpose of motion. From judgment in favor of the North Carolina Joint Stock Land Bank, H. V. Hardy and wife appealed.

*J. B. James and J. S. Patterson for plaintiff, appellee.*
*Walter G. Sheppard and Robt. H. Rouse for defendants, appellants.*

PER CURIAM. Judgment was rendered on the pleadings. The undisputed material facts appearing therefrom may be concisely stated as follows:

On 21 October, 1924, H. V. Hardy and wife executed a deed of trust on described lands, of which H. V. Hardy was then the owner, to the First National Trust Company, trustee, to secure an indebtedness of $20,000 due the North Carolina Joint Stock Land Bank. Thereafter, the name of the trustee was changed by charter amendment to the First National Company, and later by judgment of the United States District Court for the Eastern District of North Carolina receivers were appointed for said First National Company. On 21 February, 1931, default having been made in the payment of the debt secured, the lands were sold under foreclosure, one J. C. Exum, as agent of the receivers, conducting the sale, and said land bank became the purchaser at the bid price of $12,000, and deed to said bank was executed and delivered. H. V. Hardy remained on the land under oral agreement for the payment of rent to the land bank for the remainder of the year 1931, and on 8 February, 1932, executed a written lease for said lands for the year 1932 from the land bank as landlord, and continued in possession as tenant, paying rent therefor, the lease involving expenditures on part of the bank for farm machinery. In February, 1933, the said land bank declined to renew the lease, and upon refusal of H. V. Hardy to vacate, instituted summary ejectment proceedings, which resulted, on appeal, in judgment by Frizzelle, Judge, at December Term, 1933, of Greene Superior Court, that H. V. Hardy was estopped by reason of the lease to dispute the title of the land bank, and that he vacate the lands. No

appeal was taken from the Frizzelle judgment. In 1934 the land bank leased the lands to A. G. Phelps, who permitted Hardy to remain on the land.

On 11 February, 1935, H. V. Hardy still refusing to vacate, action was instituted by the land bank against Hardy and Phelps to recover possession of said lands.

On 8 February, 1936, H. V. Hardy and wife instituted suit against the land bank and the receivers of the First National Company to set aside the sale and deed to the land bank, alleging that the foreclosure was conducted by an agent for the land bank, and that by reason of the purchase by the land bank at such sale the relation of mortgagor and mortgagee still subsisted, and asked for an accounting for rents and damages.

At December Term, 1936, of the Superior Court of Greene County, the two actions were consolidated for the purpose of motion for judgment on the pleadings. After said motion was made and pending the hearing, H. V. Hardy and wife moved to amend their complaint to allege fraud and collusion on the part of the land bank and the receivers. The motion for judgment on the pleadings was allowed and it was adjudged that the land bank was owner of the land and H. V. Hardy and A. G. Phelps were required to surrender possession.

It was further adjudged that the motion to amend the complaint be denied, the court finding that the complaint had been on file since February, 1936, and that the motion to amend was made after the motion for judgment on the pleadings.

It is apparent that judgment was properly rendered on the facts shown by the pleadings, and that under the rule laid down in *Bunn v. Holliday,* 209 N. C., 351, and *Hill v. Fertilizer Co.,* 210 N. C., 417, H. V. Hardy was precluded by his lease of the land under the written agreement, and the payment of rent to the land bank therefor for the years 1931 and 1932, as well as by the Frizzelle judgment that he vacate the lands, from contesting the title of the land bank under the foreclosure sale and deed.

The facts here presented are not such as to invoke the principle referred to in *Eubanks v. Becton,* 158 N. C., 230.

As was said in *Bunn v. Holliday, supra:* "It is well settled in this jurisdiction that the *cestui que trust* has a right to buy at the trust sale unless fraud or collusion is alleged and proved. *Monroe v. Fuchtler,* 121 N. C., 101; *Hayes v. Pace,* 162 N. C., 288; *Winchester v. Winchester,* 178 N. C., 483; *Simpson v. Fry,* 194 N. C., 623. See *Hinton v. West,* 207 N. C., 708. The principle is different as between mortgagor and mortgagee. *Lockridge v. Smith,* 206 N. C., 174. After the sale by the trustee and the purchase by the defendants Holliday and

Whitaker of the plaintiff's land, the plaintiff, who was *sui juris,* rented the land from them, and for several years paid the rent to them. We think from plaintiff's testimony that he is estopped and the nonsuit was proper."

We find no error in the order denying the motion to amend the complaint.

Judgment affirmed.