CHARLIE HARE AND WIFE, EULA HARE, v. LESLIE WEIL AND LIONEL WEIL, TRADING AS H. WEIL AND BROS.

(Filed 4 May, 1938.)

1. **Mortgages § 35a—**

   A *cestui que trust* has the right to buy in the property at the foreclosure sale in the absence of fraud or collusion.

2. **Mortgages § 40: Trusts § 1b: Frauds, Statute of, § 12—Parol agreement to purchase at sale for benefit of debtor creates valid parol trust.**

   Where a person agrees to purchase at a foreclosure or judicial sale under a parol agreement to hold title for the benefit of the debtor and to reconvey the legal title upon repayment of the amount advanced, a valid, enforceable parol trust is created in favor of the debtor, provided the agreement is made at or before the legal estate passes, and such agreement need not be supported by consideration but may be enforced against a mere volunteer.

3. **Frauds, Statute of, § 9: Trusts § 10—Cestui under parol trust may be estopped from setting up equitable title by inconsistent conduct.**

   While an equitable interest in land may not be conveyed by parol, an equitable interest may be abandoned, released, or waived in favor of the holder of the legal title by conduct positive, unequivocal, and inconsistent with an intention to assert such equitable claim, but such waiver or abandonment, being an equitable defense, must be pleaded.

4. **Same: Mortgages § 40—Evidence held to establish estoppel against mortgagor to assert that purchaser at sale bought for his benefit.**

   Plaintiff mortgagors contended that the *cestuis que trustent* in a second deed of trust on the property bought the property at the foreclosure sale of the instrument under a parol agreement to hold title for benefit of plaintiffs and to reconvey to them upon their payment to them of the amount of the bid. Defendant pleaded and introduced in evidence a lease to plaintiffs executed and signed by the parties after the sale, which lease contract contained an option giving plaintiffs the right to purchase within a time stipulated upon terms at variance with the terms of the alleged parol trust. *Held:* The signing of the lease by plaintiffs and the taking

of an option to purchase upon terms at variance with those of the alleged parol agreement, establishes conduct positive, unequivocal, and inconsistent with the claim of title under the alleged parol agreement, and manifests conclusively an intention not to rely thereon, and the lease, though introduced by defendants, clarifies plaintiffs' evidence and supports the granting of defendant's motion to nonsuit.

**5. Pleadings § 6—**

Matters constituting equitable defenses must be pleaded.

**6. Trial § 22b—**

While ordinarily defendant's evidence will not be considered in passing upon his motion to nonsuit, where defendant's evidence is not in conflict with plaintiff's evidence, it may be considered in so far as it tends to explain and clarify plaintiff's evidence.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Grady, J.,* at August-September Term, 1937, of WAYNE.

Civil action to recover title to land under alleged parol trust agreement, and for accounting for rents and profits.

The uncontroverted facts are substantially these: On 27 July, 1928, plaintiffs executed a deed of trust to R. Jack Smith, trustee, in which the lands in question, owned by the *feme* plaintiff, were conveyed to secure an indebtedness of $309.50 due by them to defendants on 1 January, 1929. This conveyance was subject to a prior deed of trust executed by plaintiffs to Southern Trust Company, trustee, to secure an indebtedness to Virginia-Carolina Joint Stock Land Bank. At request of defendants, and under the power of sale contained in the deed of trust to Smith, trustee, he duly advertised and sold the land on 30 August, 1930, in accordance with the terms contained in the deed of trust, when the defendants became the highest bidders at $385.00. Upon the bid being raised, a resale was held on 18 October, 1930, when the defendants again became the purchasers at $415.00, and pursuant thereto and in due time deed was duly made to them by the trustee.

Plaintiffs alleged and offered evidence tending to show that on the date of the deed of trust to Smith, trustee, he was and has been at all times since an employee of defendants; that prior to the first sale, plaintiff Charlie Hare, representing himself and as agent for his wife, the plaintiff Eula Hare, approached the defendant Lionel Weil and informed him that plaintiffs were unable to pay in full the indebtedness due to defendants; that thereupon said defendant stated that if the plaintiffs would not resist the foreclosure under the power of sale contained in the deed of trust to Smith, he would purchase the property at the sale, subject to liens of record, and hold the title to same for plaintiffs until they were able to pay him; that relying upon the defendants' promise to purchase and hold the land, and in consequence thereof, the plaintiffs allowed the land to be sold; that in May, 1933, plaintiffs tendered to defendants the

amount due them and demanded a conveyance of the land; that defendants disavowed the parol trust agreement and refused to make the deed; and that plaintiffs have been at all times since ready, able and willing to comply with the terms and conditions of the trust agreement and to take title to the lands.

On the other hand, the defendants deny that they made any such agreement as alleged by the plaintiffs. Defendants aver that after they became the owners and entitled to the possession of the land in question, they immediately took possession of it and, except for the rental agreement with plaintiffs, they remained in possession thereof up to the date of filing answer. They further aver that they became the owners of the land on 30 October, 1930, and shortly thereafter rented same to plaintiffs by a written agreement of lease on 23 March, 1931, which the plaintiffs signed; that the lease provided that defendants should rent to the plaintiffs for the year 1931; that plaintiffs accepted the tenancy and as such tenants paid a part of the rent specified in the lease; that in January, 1932, the lease expired and plaintiffs moved from the lands; and that by reason of the said tenancy or rental agreement, under which there was an attornment by the plaintiffs to the defendants, the plaintiffs are estopped from questioning or attacking the title of the defendants.

The plaintiff Charlie Hare testified on cross-examination that he did not remember signing the agreement of lease, but admitted his signature thereto, and the same was marked for identification. On being further examined by defendants, he testified that he did not pay one cent of rent for 1931; that he "got off the land in 1932"; that he did not raise the bid on the property after the first foreclosure sale; and did not know who did raise it; that he did not know there was a resale; and that he swore to the complaint.

The court below overruled defendants' motion for nonsuit at close of plaintiffs' evidence. Thereupon defendants, over objection by plaintiffs, offered in evidence the agreement of lease which had been identified by plaintiff Charlie Hare and signed by him and his wife, in which the terms of the lease are set forth as alleged, and in which, among others, this provision appears: "That the parties of the first part (defendants) agree in the event the parties of the second part (plaintiffs) pay to the parties of the first part all of said rental when due that the parties of the first part will upon request so to do by the parties of the second part on or before 5 November, 1931, sell and convey said lands to the parties of the second part on 5 November, 1931, subject to the lien of the debt secured by the deed of trust . . . to Southern Trust Company . . . and subject to all other liens . . . upon the payment to the parties of the first part . . . of a purchase price of $860.00 therefor," plus amount of installments paid to Land Bank, taxes and interest, "it being expressly agreed that in the event the parties of the second part fail to pay said rental when 5 November, 1931, is due, or fail to pay

said purchase price therefor on 5 November, 1931, then and in either of such events, the option contained in this paragraph to purchase said lands shall be null and void."

Defendants further offered in evidence, over objection by plaintiffs, record in office of the clerk of Superior Court of sale and of resale of the property, in which it appears that order of resale was made upon the bid at first sale being raised by plaintiff Charlie Hare.

From judgment as of nonsuit at close of all the evidence, plaintiffs appeal to the Supreme Court and assign error.

*John S. Peacock, Scott B. Berkeley, and Charles P. Gaylor for plaintiffs, appellants.*

*Ehringhaus, Royall, Gosney & Smith and D. C. Humphrey for defendants, appellees.*

WINBORNE, J. On the factual situation presented by the record on this appeal, we hold that the judgment as of nonsuit was properly entered.

It is well settled in this jurisdiction that the *cestui que trust* has the right to buy at the trust sale unless fraud or collusion is alleged or proved. *Monroe v. Fuchtler*, 121 N. C., 101, 28 S. E., 63; *Hayes v. Pace*, 162 N. C., 288, 78 S. E., 290; *Winchester v. Winchester*, 178 N. C., 483, 101 S. E., 25; *Simpson v. Fry*, 194 N. C., 623, 140 S. E., 295; *Bunn v. Holliday*, 209 N. C., 351, 183 S. E., 278; *Hill v. Fertilizer Co.*, 210 N. C., 417, 187 S. E., 577; *Bank v. Hardy*, 211 N. C., 459, 190 S. E., 730.

In the present case there is no allegation of fraud or collusion in the foreclosure sale. On the contrary, the plaintiffs affirm the sale, and allege that defendants bought at the sale under a parol trust agreement to hold the land for them.

It is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land. Equity will enforce such an agreement. *Cohn v. Chapman*, 62 N. C., 92; *Cobb v. Edwards*, 117 N. C., 244, 23 S. E., 241; *Owens v. Williams*, 130 N. C., 165, 41 S. E., 93; *Avery v. Stewart*, 136 N. C., 426, 48 S. E., 775; *Allen v. Gooding*, 173 N. C., 93, 91 S. E., 694; *Peterson v. Taylor*, 203 N. C., 673, 166 S. E., 800.

In *Owens v. Williams, supra,* Furches, C. J., said: "Whenever land is conveyed to one party under an agreement that he is to hold it for another, he becomes a trustee, whether this agreement is made at the time of the conveyance or is made before, and the land is conveyed in pursuance of said agreement. This is an express trust and an equitable trust." *Holden v. Strickland*, 116 N. C., 185; *Sykes v. Boone*, 132

N. C., 199, 43 S. E., 645; *Lutz v. Hoyle,* 167 N. C., 632, 83 S. E., 749; *Allen v. Gooding, supra; Rush v. McPherson,* 176 N. C., 562, 97 S. E., 613.

Where purchase has been made at public or judicial sale, and the purchaser who paid the money out of his own funds agreed to hold the land subject to the right of the person, whose land he bought, and to reconvey the legal title upon repayment of his outlay, it has been held generally in this State that a valid parol trust is created in favor of the former owner of the land.  *Cobb v. Edwards, supra; Owens v. Williams, supra; Rush v. McPherson, supra; Cunningham v. Long,* 186 N. C., 526, 120 S. E., 81.

Parol trust does not require a consideration to support it.  If the declaration is made at or before the legal estate passes, it will be valid even in favor of a mere volunteer.  *Pittman v. Pittman,* 107 N. C., 159, 12 S. E., 61; *Blackburn v. Blackburn,* 109 N. C., 488, 13 S. E., 937; *Sykes v. Boone, supra.*

Applying these principles to the facts of the present case, and conceding that there is sufficient evidence upon which to base a parol trust, we are of opinion, and so hold, that the evidence on this appeal clearly shows that the parol trust, if any existed, has been abandoned or released to the defendants by the acts and conduct of the plaintiffs.  In *Gorrell v. Alspaugh,* 120 N. C., 362, 27 S. E., 85, *Douglas, J.,* said: "While an equitable interest in land may not be transferred by parol, it may be abandoned or released to holder of the legal title by matter *in pais*— provided such intention is clearly shown."  *Wells v. Crumpler,* 182 N. C., 350, 109 S. E., 49.  In *Lewis v. Gay,* 151 N. C., 168, 65 S. E., 907, the Court said: "Parties may by parol rescind, or by matter *in pais* abandon" rights in land.

In 65 C. J., 955, it is stated: "A *cestui que trust,* or one claiming to be such, who is competent to act for himself, may be estopped, or waive his right, to enforce a trust in his favor by words or acts on his part which, expressly or by implication, show an intention to abandon, or not to rely upon or assert, such trust, as by acquiescing, with knowledge of all the material facts, in the alleged trustee's acts in dealing with, or disposing of, the property in a manner inconsistent with the existence or continuation of a trust."

In *Banks v. Banks,* 77 N. C., 186: "To constitute an abandonment or renunciation of claim there must be acts or conduct positive, unequivocal, and inconsistent with his claim of title."

Defendants plead as an estoppel the lease agreement of 23 March, 1931.  Plaintiffs admit execution of it, and do not challenge its force and effect by pleading fraud or by other equitable defense.

Matters in the nature of an equitable defense must be pleaded.  *Toler v. French, ante,* 360, and cases cited. McIntosh, N. C. Prac. & Proc., 483.

The language of this agreement is clear and explicit. A reading of it manifests the clear intention of the plaintiffs to recognize the defendants as the landlord, and to assume for themselves the role of tenants. In addition to this, the agreement shows that plaintiffs took an option to buy the land from the defendants, not at the price paid by the defendants at the foreclosure sale, nor for the amount of indebtedness due by plaintiffs to defendants and secured by deed of trust to Smith, trustee, but at an increased purchase price, plus moneys expended by defendants in keeping up installments on the indebtedness to the Land Bank and for taxes and plus interest. The execution of this agreement is conduct positive, unequivocal and inconsistent with the claim of title under the alleged parol agreement. It is not in harmony with the existence or continuation of the trust, and manifests conclusively an intention not to rely thereon.

While the lease agreement is evidence introduced by the defendant, it is proper to be considered on motion for judgment as of nonsuit under authority of *Harrison v. R. R.*, 194 N. C., 656, 140 S. E., 598, wherein *Stacy, C. J.*, speaking to the question, said: "In considering the last motion, the defendants' evidence, unless favorable to the plaintiff, is not to be taken into consideration, except when not in conflict with plaintiff's evidence, it may be used to explain or make clear that which has been offered by plaintiff," citing *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769.

We have considered all other exceptions and find them without merit. The judgment below is
   Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.