JOHNNY GRIFFIN v. MARY ANN ROBERTS, FREDERICK D. HALL, SUBSTITUTE TRUSTEE, AND FARMERS HOME ADMINISTRATION, AN AGENCY OF THE U.S. GOVERNMENT

No. 874SC729

(Filed 16 February 1988)

**Mortgages and Deeds of Trust § 40— setting aside foreclosure—inadequacy of purchase price plus irregularity required—no showing of irregularity**

To set aside a foreclosure sale, the inadequacy of the purchase price must be coupled with some other irregularity in the sale, and alleged erroneous information from the clerk's office that plaintiff was the high bidder at the last sale did not amount to such an irregularity.

APPEAL by plaintiff from *Small (J. Herbert), Judge.* Orders entered 3 March 1987 and 12 June 1987 in Superior Court, DUPLIN County. Heard in the Court of Appeals 6 January 1988.

Defendant Hall, substitute trustee under a deed of trust, instituted foreclosure proceedings on two parcels of land owned by Lucille J. Torrans. Both parcels were sold at public auction. Plaintiff, husband of Torrans' granddaughter, entered upset bids and both parcels were resold on 7 November 1985. Defendant Roberts was the high bidder on one parcel and defendant Farmers Home Administration (FHA) was the high bidder on the other parcel. This sale was confirmed, and on 15 July 1986 plaintiff brought this action against the trustee and the purchasers, Roberts and FHA, to set aside the 7 November sale and to compel the trustee to conduct a resale.

On 3 March 1987, the trial court entered an order granting defendants Roberts' and Hall's motions to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). On 12 June 1987, the trial court entered

an order denying plaintiff's motion to reconsider the 3 March 1987 order. Plaintiff appeals from both orders.

*Miles B. Fowler and M. Alexander Biggs, by M. Alexander Biggs, for plaintiff-appellant.*

*Ingram and Ingram, by Carolyn B. Ingram and Charles M. Ingram, for defendant-appellee Mary Ann Roberts.*

*Richard L. Burrows for defendant-appellee Frederick C. Hall.*

SMITH, Judge.

Plaintiff brings forward two assignments of error. First, he contends the trial court erred by granting defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Second, plaintiff assigns error to the trial court's refusal to set aside the judgment dismissing the complaint. Because plaintiff has not met the requirements to set aside a foreclosure sale under North Carolina case law, we affirm the trial court's rulings.

In his complaint, plaintiff sets forth that the properties securing the deeds of trust were sold at public auction on 7 August 1985 and resold on 5 September 1985 and 7 October 1985, each resale following an upset bid. After the 7 October 1985 sale, plaintiff entered an upset bid on both parcels. The complaint alleges that on 5 November 1985 plaintiff was told by a deputy clerk of Superior Court of Duplin County that if he did not attend the scheduled 7 November resale his upset bids would be the opening bids and that if he was not the high bidder at the sale he would have ten days to enter new upset bids. Plaintiff did not attend the sale, and Hall and FHA were the high bidders. Plaintiff's brother-in-law telephoned the clerk's office on 12 November 1985 and was told that plaintiff was the high bidder at the 7 November sale. On 14 November 1985, plaintiff personally called the clerk's office and was given the same information. The complaint also alleges that on 18 November 1985, the last day to enter upset bids, both plaintiff and his brother-in-law were told by the clerk's office that plaintiff was the high bidder. The next day, plaintiff's father-in-law went to an attorney who had been hired to finalize plaintiff's purchase of the property. After an inquiry, the attorney discovered that plaintiff was not the high bidder at the 7

November sale. This final sale was confirmed on 26 November 1985.

On 15 July 1986, plaintiff instituted this action to set aside the sale and compel another sale. Plaintiff alleged the purchase price for both parcels was grossly inadequate. Roberts purchased parcel one for $16,500.00, and FHA purchased parcel two for $21,525.00. Plaintiff alleged the reasonable fair market value of parcel one was $40,000.00 and the reasonable fair market value of parcel two was $25,500.00. Plaintiff contends the inadequate purchase price and the misinformation from the clerk's office combine to allow him to set aside the sale under *Swindell v. Overton,* 310 N.C. 707, 314 S.E. 2d 512 (1984). We disagree.

It is a well-established rule in North Carolina that "[a]llegations of inadequacy of the purchase price realized at a foreclosure sale which has in all other respects been duly and properly conducted in strict conformity with the power of sale will not be sufficient to upset a sale." *Swindell v. Overton,* 310 N.C. at 713, 314 S.E. 2d at 516. To set aside the sale, the inadequacy of the purchase price must be coupled with some other irregularity in the sale. *Hill v. Fertilizer Co.,* 210 N.C. 417, 187 S.E. 577 (1936); *Roberson v. Matthews,* 200 N.C. 241, 156 S.E. 496 (1931); *Swindell v. Overton, supra.*

> [I]t is the materiality of the irregularity in such a sale, not mere inadequacy of the purchase price, which is determinative of a decision in equity to set the sale aside. Where an irregularity is first alleged, gross inadequacy of purchase price may then be considered on the question of the materiality of the irregularity.

*Swindell v. Overton,* 310 N.C. at 713, 314 S.E. 2d at 516.

Plaintiff has not shown an irregularity entitling him to set aside the sale. The alleged erroneous information from the clerk's office does not amount to such an irregularity. *See, e.g., Swindell v. Overton, supra* (trustee sold as one parcel land held under two separate deeds of trust; held, trustee's *en masse* sale of both tracts constitutes an irregularity sufficient for the court to consider setting aside sale); *Foust v. Loan Asso.,* 233 N.C. 35, 62 S.E. 2d 521 (1950) (trustee erroneously reported that land valued between $5,500.00 and $6,000.00 was sold for $6,400.00 when it was

in fact sold for $825.00; held, trustee's erroneous report was suffi-cient for the court to consider setting aside the sale); *Hill v. Fer-tilizer Co., supra* (record discloses no actual fraud, oppression or unfairness by trustee in the advertising and sale of the land; held, mere inadequacy of purchase price alone is not sufficient to upset a duly made sale); *Roberson v. Matthews, supra* (record contains no evidence of actual fraud, oppression or unfairness in the adver-tising and sale of the land; held, mere inadequacy of purchase price alone is not sufficient to set aside sale). These cases stand for the proposition that if the trustee faithfully performs his duties under the power of sale then there is no irregularity in the sale which would allow a court of equity to set aside the sale. "It is a uniform rule that where a decree of foreclosure has been rendered and a sale of property has been made thereunder, it can-not be attacked collaterally and the title thus acquired over-thrown, except on the ground that the sale was void." 55 Am. Jur. 2d *Mortgages* Sec. 830 (1971). Plaintiff has alleged no fraud, op-pression or unfairness by the trustee in fulfilling his duties under the power of sale but seeks to set aside the sale for an alleged er-ror by the clerk's office. Plaintiff has not stated a claim upon which relief can be granted.

Plaintiff's assignments of error are overruled and the rulings of the trial court are affirmed.

Affirmed.

Judges WELLS and EAGLES concur.