H. N. SIMPSON v. FIELDING L. FRY ET AL.

(Filed 30 November, 1927.)

**Fraud—Presumptions—Mortgages — Trusts — Deeds and Conveyances—Pleadings—Demurrer—Burden of Proof.**

> Where a debtor conveys land to a trustee to secure a note given for the debt, the trustee holds the lands in trust for both of the parties to the conveyance, and where the debtor sells and conveys his equity in the *locus in quo* to his creditor in payment, there is no presumption of fraud in the transaction that would invalidate it at the suit of the creditor, and the burden of proof is on him to establish the fraud, and upon his failure to allege in his complaint facts beyond the existence of this relationship, the plaintiff's demurrer to the complaint, *ore tenus*, is good.

APPEAL by plaintiff from *Shaw, J.,* at September Term, 1927, of GUILFORD. Affirmed.

Action to cancel and set aside deed executed by plaintiff, conveying to defendant, Fielding L. Fry, a certain lot of land, which he had conveyed theretofore to a trustee to secure his note, payable to the order of the said Fielding L. Fry. At the date of the execution of said deed the note secured by the deed of trust was due and unpaid, and the trustee was then authorized and empowered to sell and convey the land described therein, and, after paying said note out of the proceeds of said sale, to pay the balance, if any, to plaintiff. Subsequent to the execution of said deed, the said Fry had conveyed the land described therein, and his codefendants now claim interests in said land under said conveyance. The validity of these claims, as against the plaintiff, is dependent upon the validity of the deed which plaintiff by this action seeks to have canceled and set aside.

Plaintiff contends that upon the facts alleged in the complaint, and admitted in the answers, the said deed is voidable and should be set aside, for that it is a conveyance of his equity of redemption in said land to his creditor, whose note is secured by the deed of trust, which had been

theretofore executed by him, and was uncanceled at the date of the deed; that the law presumes from the admitted relationship between him, as grantor, and his secured creditor, as grantee, at the date of its execution, that said deed was procured by the fraud and undue influence of the grantee, and that as no facts are alleged in the answers in rebuttal of such presumption, he is entitled to judgment on the pleadings, in accordance with his motion made at the trial in the Superior Court.

Defendants contend that in the absence of specific allegations in the complaint of facts which show that the execution of the deed was procured by fraud and undue influence, on the part of the grantee, the complaint does not state facts sufficient to constitute a cause of action, and that the demurrer, *ore tenus,* to the complaint on that ground should be sustained; that there is no presumption, from the relationship of grantor, as debtor and grantee, as creditor secured in the deed of trust, that said deed was procured by fraud and undue influence, requiring allegations in the answer in rebuttal; and that upon all the facts alleged in the complaint and admitted in the answers, defendants are entitled to judgment on the pleadings, in accordance with the prayers in their answers to the complaint.

From judgment denying plaintiff's motion for judgment on the pleadings, and sustaining defendants' demurrer, *ore tenus,* to the complaint, and further, granting to defendants the relief demanded in their answers, plaintiff appealed to the Supreme Court.

*Leland Stanford and Robert C. Strudwick for plaintiff.*

*Banks H. Mebane for defendants, Fry and King.*

*Hobgood, Alderman & Vinson for defendant, Sidney S. Alderman, trustee.*

CONNOR, J.  It is alleged in the complaint and admitted in the answers, that prior to the commencement of this action, and prior to the controversy from which the action arose, plaintiff was the owner in fee of the lot of land described in the complaint; that for the purpose of securing his note for $900, payable to the order of the Gate City Building and Loan Association, plaintiff conveyed the said lot of land, by deed of trust, to a trustee; that, thereafter, for the purpose of securing his note for $500, payable to the order of Fielding L. Fry, plaintiff conveyed the said lot of land, by deed of trust, to another trustee; that when the note payable to the order of Fielding L. Fry became due, plaintiff failed to pay same, and thereafter conveyed the said lot of land, described in both said deeds of trust, to said Fielding L. Fry, "by deed absolute in form, with usual covenants of warranty and containing

no expression of any trust or condition, but purporting to convey said premises to said Fry in fee simple."

The defendant, Fielding L. Fry, subsequently conveyed the lot of land to defendant, Sidney S. Alderman, trustee, to secure a note executed by defendant, J. W. King, and payable to the order of the Independence Indemnity Company, of Philadelphia; prior to the execution of this deed of trust, defendant J. W. King had become the owner of an equitable estate in fee in said lot of land, the defendant Fry retaining the legal title thereto, at the request of the said King. The deed of trust to Alderman, trustee, was executed by Fry at the request of King, who at the date of such request was the owner of an equitable estate in fee in said lot of land.

At its maturity default was made in the payment of the note executed by plaintiff, and payable to the order of the Gate City Building and Loan Association. By virtue of the deed of trust, executed by plaintiff, and securing this note, the holder thereof had the first lien on the land described in the complaint for the payment of the note. The said land has been sold under the power of sale contained in the deed of trust by the trustee who, pursuant to an order made herein, has paid the balance of the amount received therefor, after the payment of the note secured by the deed of trust, into the office of the clerk of the Superior Court of Guilford County. This sum of money is the subject-matter of this action; plaintiff contends that his deed to defendant Fry should be canceled and set aside for that the execution of the same was procured by fraud and undue influence, and that judgment should be rendered that said sum be paid to him as the owner of the equity of redemption in the land sold by the trustee in the deed securing the note payable to the Gate City Building and Loan Association; defendants, on the other hand, contend that said sum should be paid to Alderman, trustee, who claims under the deed from plaintiff to Fry, to be applied by him as a payment on the note executed by defendant King, payable to the Independence Indemnity Company of Philadelphia, and secured in the deed of trust executed by defendant Fry to said Alderman, trustee.

No facts are alleged in the complaint which show or tend to show that the execution of the deed by plaintiff to Fielding L. Fry was procured by fraud or undue influence; the only allegations in the complaint, pertinent to the consideration of the matters presented on this appeal, are to the effect that at the date of the execution of the deed Fielding L. Fry was the holder of a note secured by the deed of trust executed by plaintiff, conveying to the trustee the land conveyed by said deed to Fry, in fee simple; nor have defendants in their answers alleged any facts which rebut or tend to rebut a presumption, if any, from the relationship between plaintiff and the said Fry, with respect

to said land, arising from the deed of trust, that the execution of said deed by plaintiff was procured by fraud or undue influence on the part of said Fry.

The first question, therefore, presented for decision upon this appeal is whether, in the absence of allegations in the complaint showing or tending to show that the execution of the deed by plaintiff to defendant Fry was procured by fraud or undue influence, and in the absence of such allegations in the answers, there was error in the judgment denying plaintiff's motion for judgment on the pleadings, and in sustaining defendants' demurrer, *ore tenus,* to the complaint for that same does not state facts sufficient to constitute a cause of action, upon which plaintiff is entitled to the relief demanded in his complaint. The question of law involved is whether a conveyance by deed of the grantor in a deed of trust to secure a creditor named therein, of the land conveyed thereby, to such creditor in fee, is presumed to be fraudulent, or the result of undue influence, solely because of the relation between the grantor and the grantee in the deed, with respect to the land conveyed thereby, arising out of the deed of trust. If there be such presumption, no allegations in the complaint of facts or circumstances showing or tending to show that the deed was procured by fraud or undue influence are required in order to constitute a cause of action to have such deed canceled and set aside, and the burden is on the grantee or those claiming under him to allege in the answer and to prove on the trial facts in rebuttal of the presumption; whereas, if there be no such presumption, in the absence of such allegations in the complaint, the same is subject to demurrer, for that it does not state facts sufficient to constitute a cause of action. It is manifest that the question here presented is of great practical importance, for its decision will doubtless affect title to lands in this State.

In *McLeod v. Bullard,* 84 N. C., 515, an instruction by the trial judge that, if while the relation of mortgagor and mortgagee subsisted between the parties to that action, the mortgagee purchased the equity of redemption of the mortgagor, the law presumes that such purchase was made fraudulently, and the purchase will not be sustained, unless the mortgagee shows by a preponderance of testimony the *bona fides* of the transaction was approved. In his opinion in that case *Ruffin, J.,* quotes with approval from the opinion of *Pearson, C. J.,* in *Whitehead v. Hellen,* 76 N. C., 99, as follows: "Courts of equity look with jealousy upon all dealings between trustees and their *cestuis que trust;* and if this mortgagor had, by deed, released his equity of redemption, we should have required the plaintiff to take the burden of proof and satisfy us that the man whom he had in his power, manacled and fettered by a mortgage and a peremptory power of sale, had without undue

influence and for fair consideration, executed a release of his right to redeem the land." The principle thus stated has been frequently approved by this Court. It is well settled by many decisions that a conveyance of the equity of redemption by the mortgagor to the mortgagee is presumed to be fraudulent, and will be canceled and set aside unless the mortgagee shall allege and prove otherwise. The presumption arises from the relationship between the parties, which is fiduciary in its nature, and the burden is upon the mortgagee to rebut the presumption, both by allegation and proof. In *Lee v. Pearce,* 68 N. C., 76, *Pearson, C. J.,* after a full and exhaustive discussion in his opinion of the doctrine, says: "After a full consideration of the authorities, and 'the reason of the thing,' we are of opinion that only 'the known and definite fiduciary relations' by which one person is put in the power of another, are sufficient under our present judiciary system to raise a presumption of fraud, as a matter of law to be laid down by the judge, as decisive of the issue, unless rebutted."

There is no fiduciary relation between a creditor and his debtor, by which it can be said that the latter is in the power of the former. The relation arises out of contract; it ceases to exist upon the performance of the contract. Upon breach of the contract the creditor may recover judgment of his debtor for the amount of the debt; he is entitled to an execution upon the judgment, to be issued to the sheriff, who may levy upon and sell the property of the judgment debtor, after allotment of his personal property exemption, and homestead, as provided by law, for the satisfaction of the judgment. Nor does the fact that the debtor has conveyed property to a third person to secure his creditor establish any fiduciary relation between him and such creditor. The grantee in the deed of trust is a trustee for both debtor and the creditor, with respect to the property conveyed. The creditor can exercise no power over his debtor, with respect to said property, because of its conveyance to the trustee, with power to sell, upon default of the debtor. The power of the trustee is limited by the stipulations and provisions contained in the deed of trust executed by his grantor; neither in fact nor in law can it be held that there is such a fiduciary relation between a debtor and his creditor, secured in a deed of trust, that the principle upon which *McLeod v. Bullard, supra,* was decided is applicable to the relation between them.

We find no error in the judgment denying plaintiff's motion for judgment on the pleadings and sustaining defendants' demurrer, *ore tenus,* to the complaint. Plaintiff, having conveyed the land by deed to defendant Fry, and having failed to allege in his complaint a cause of action upon which he is entitled to have said deed canceled and set aside, has no interest in or claim to the funds now in the hands of the

clerk of the Superior Court of Guilford County, arising from the sale of the land described in the complaint. The judgment directing that said funds be paid to defendant Alderman, trustee, to be applied as a payment on the note secured in the deed of trust executed by Fielding L. Fry to said Alderman, trustee, is

Affirmed.