BETTIE MURPHY, ROBERT MURPHY, LILLIAN MURPHY, AND LUCY MURPHY, v. W. F. TAYLOR, HARRY TAYLOR AND WIFE, THELMA D. TAYLOR, AND R. T. ALLEN, TRUSTEE.

(Filed 9 November, 1938.)

**Mortgages § 24—There is no presumption of fraud in transfer of equity of redemption by trustor to cestui que trust.**

There is no fiduciary relationship between a trustor and a *cestui que trust* in a deed of trust, and therefore no presumption of fraud arises

from the transfer of the equity of redemption by the trustor to the *cestui que trust*, the rule as between mortgagor and mortgagee not being applicable, since the relation between the parties is not the same, and complaint in an action to set aside a deed from trustor to the *cestui* solely on the ground of presumptive fraud, without allegation that the trustee took any part in the transaction, is demurrable.

APPEAL by plaintiffs from *Grady, J.,* at June Term, 1938, of LENOIR. Affirmed.

Action to set aside a conveyance of land by plaintiffs to defendants, on the ground that the relation between the parties being equivalent to that of mortgagor and mortgagee the deed was presumptively fraudulent, and that it was procured by taking advantage of that relationship. Plaintiffs allege that in 1929 they executed a deed of trust to R. T. Allen, trustee, to secure an indebtedness due defendants Taylor, and being unable to pay the debt when it became due, defendants Taylor threatened foreclosure, and in 1931 procured the execution of a deed to themselves for plaintiffs' equity of redemption in the land. Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and from judgment dismissing the action, plaintiffs appealed.

*J. A. Jones for plaintiffs.*
*Rouse & Rouse for defendants.*

DEVIN, J. The only allegation in the complaint by which the plaintiffs attempt to state a cause of action for the relief sought is that the relation between the plaintiffs and defendants, equivalent to that of mortgagor and mortgagee, constituted the conveyance of the land presumtively fraudulent and cast upon the defendants the burden of showing that the transaction was in all respects fair.

However, the relationship between the parties here is not that of mortgagor and mortgagee, or of trustor and trustee. The transaction was between the plaintiffs, trustors, and the owners of the indebtedness secured by the conveyance of the legal title to a third party trustee. Admittedly, there is no connection or relationship between the defendants and R. T. Allen, the trustee, to whom the deed of trust was executed, other than that created by the instrument, nor is there allegation that the trustee had any part whatever in the transactions leading to the execution of the deed sought to be set aside. Hence, the long established rule by which courts regard transactions between those occupying the relationship of mortgagor and mortgagee (*McLeod v. Bullard,* 84 N. C., 515) is inapplicable.

In *Simpson v. Fry,* 194 N. C., 623, 140 S. E., 295, the question there raised, whether a conveyance of the land in fee by the grantor in a deed of trust is presumed to be fraudulent solely because of the relation between grantor and grantee arising out of the deed of trust, was answered in the negative and a demurrer *ore tenus* was sustained. The Court there said: "There is no fiduciary relation between a creditor and his debtor, by which it can be said that the latter is in the power of the former. . . . Nor does the fact that the debtor has conveyed property to a third person to secure his creditor establish any fiduciary relation between him and such creditor. The grantee in the deed of trust is a trustee for both debtor and the creditor, with respect to the property conveyed. The creditor can exercise no power over his debtor, with respect to said property, because of its conveyance to the trustee, with power to sell upon default of the debtor. The power of the trustee is limited by the stipulations and provisions contained in the deed of trust executed by his grantor; neither in fact nor in law can it be held that there is such a fiduciary relation between a debtor and his creditor, secured in a deed of trust, that the principle upon which *McLeod v. Bullard, supra,* was decided, is applicable to the relation between them." *Simpson v. Fry, supra,* was cited with approval in *Phipps v. Wyatt,* 199 N. C., 727, 155 S. E., 721; *Bunn v. Holliday,* 209 N. C., 351, 183 S. E., 278; *Elkes v. Trustee Corporation,* 209 N. C., 832, 184 S. E., 826; *Hill v. Fertilizer Co.,* 210 N. C., 417, 187 S. E., 577; *Bank v. Hardy,* 211 N. C., 459, 190 S. E., 730; and *Hare v. Weil,* 213 N. C., 484.

The rule stated in *Simpson v. Fry, supra,* was not changed or modified by the decision in *Hinton v. West,* 207 N. C., 708, 178 S. E., 356. In the latter case it was alleged that the conveyance of the land by the trustor to the *cestui que trust* was procured by the trustee or by the trustee and the *cestui que trust* acting together, and taking advantage of their superior position.

In the instant case, there being no presumption in law raised by the relationship of the parties, in order to constitute a cause of action, sufficient other facts must be alleged to show that plaintiffs are entitled to the relief sought. This they have failed to do, and the court below correctly ruled that the demurrer should be sustained.

The judgment is

Affirmed.