HESTER L. FERGUSON, ADMINISTRATRIX OF THE ESTATE OF JAMES FERGU-
SON, DECEASED; HESTER L. FERGUSON, INDIVIDUALLY; JAMES W.
FERGUSON, JR., EDWIN C. FERGUSON, AND ISABEL FERGUSON, v.
J. C. BLANCHARD; JOHN R. BRINKLEY; ................................, ADMIN-
ISTRATOR OF THE ESTATE OF J. D. HOOD, DECEASED, AND ................................,
THE WIDOW, AND ................................, THE HEIRS AT LAW OF THE SAID J. D.
HOOD, DECEASED.

(Filed 17 September, 1941.)

1. Mortgages § 24—

  The relationship between the trustor and the *cestui que trust* is not
such as to render an absolute conveyance of the land by the trustor to
the *cestui que trust* after default in the payment of the notes secured by
the deed of trust, presumptively fraudulent in law.

2. Mortgages § 2a—Determination of whether deed from debtor to cred-
itor and contemporaneous agreement to reconvey constitute equitable
mortgage.

  When a debtor conveys land to a creditor by a deed absolute in form
and at the same time gives a note or otherwise obligates himself to pay
the debt, and the creditor agrees to reconvey upon the payment of the
debt, the transaction is a mortgage, but if, under the terms of the agree-
ment, the debtor does not obligate himself to pay the debt and take a
reconveyance, the transaction does not constitute a mortgage unless the
debt continues to exist after the execution of the deed and the parties
intend the deed to be security for the debt, and the party asserting that
the deed constitutes an equitable mortgage must establish the intention
that the deed should constitute security for the debt by proof of facts
and circumstances *dehors* the deed inconsistent with the idea of an abso-
lute conveyance.

1—220

**3. Same—Deed from trustor to cestui coupled with contract of reconveyance held not a mortgage as matter of law.**

This action was instituted to have a deed and a contract to reconvey declared an equitable mortgage, and for an accounting by the grantee as a mortgagee in possession. The cause was referred to a referee, who found from the uncontroverted facts appearing in the pleadings that the owners of land executed a deed of trust thereon to secure money borrowed, that after default the owners executed a deed absolute in form to the creditor, whereupon the deed of trust was canceled of record, that the creditor, as a part of the same transaction, gave the debtors an option to repurchase for the amount of the debt within a time specified, and further agreed that the debtors should have exclusive right to sell the land or timber therefrom for a further period of time, with provision that if the debtors sold the land they should have 90% of any sum realized in excess of the amount of the debt, and if they sold timber therefrom they should have 90% of the sum received in excess of the debt and the creditor would reconvey the land. The option was not exercised and the debtors did not sell timber or land to the amount of the debt within the time stipulated. After executing the deed the ⋅ debtors exercised no dominion over the land and the creditor thereafter listed and paid all taxes. The referee found further that there was no evidence of coercion or undue influence on the part of the creditor, and that the dealings between the parties were *bona fide* and entered into between men of equal understanding and business ability. *Held:* The deed of trust having been canceled upon the execution of the deed and the debtors not being obligated thereafter to pay the debt, the transaction did not constitute a mortgage as a matter of law, and the referee having found from the evidence that the transaction was *bona fide* and therefore that the parties did not intend the deed as security, plaintiffs' exception to the referee's conclusion of law, approved by the court, that the deed did not constitute a mortgage, cannot be sustained.

APPEAL by plaintiffs from *Alley, J.,* at February Term, 1941, of JACKSON. Affirmed.

This was an action to have a deed and an agreement to reconvey declared to constitute a mortgage, and for an accounting. The facts alleged in the complaint were substantially these. J. W. Ferguson and wife, under whom plaintiffs claim, executed in 1922 two deeds of trust to T. W. Wilson, trustee, to secure an indebtedness of $20,000 to the defendant J. C. Blanchard, the deeds of trust conveying 4,000 acres of unimproved mountain land in Jackson County. After default in payment, in April, 1924, J. W. Ferguson and wife conveyed the land by deed absolute, with covenants of seizin and warranty, to Blanchard, and as a part of the same transaction an agreement was entered into between Blanchard and Ferguson whereby it was agreed that the amount of the debt and interest to September, 1924, would be $22,500, and an option was given Ferguson to repurchase for that amount on or before that date. It was also agreed that Ferguson should have exclusive right to sell the property on or before 19 June, 1929, for $22,500, plus interest

from 22 September, 1924, and taxes, and of any amount in excess Ferguson should have 90%, and if Ferguson should sell the timber for an amount in excess of the cost price so defined, Ferguson should have 90% of the profits, and Blanchard would reconvey the land to Ferguson subject to the timber sale.

It was further alleged that thereafter, in 1926, Ferguson sold 958 acres of the land to one Hood at the price of $28,740, and received $2,000 cash and notes for the balance secured by deed of trust on the 958 acres; that Blanchard joined in the conveyance, and Hood's notes of the face value of $14,370 were turned over to him, though it was not alleged that anything was ever paid on the notes. Plaintiffs alleged that by virtue of the deed and agreement the relationship of mortgagor and mortgagee between Ferguson and Blanchard was extended, and still continues, and that the plaintiffs, the successors in interest of J. W. Ferguson, are now entitled to an accounting. They alleged that by reason of the sale and cutting of certain timber, and by the renunciation or abandonment of a boundary line to the benefit of defendant Brinkley, the plaintiffs have been damaged by the acts of defendant Blanchard as mortgagee in possession in the sum of $30,000.

Defendant Blanchard in his answer alleged that the deeds of trust executed by Ferguson were given to secure $20,000 cash loaned by Blanchard to Ferguson in 1922; that having failed to pay the debt at maturity or any interest thereon, J. W. Ferguson and his wife conveyed the land in fee simple to the defendant Blanchard in consideration of the cancellation of the two deeds of trust; that this was done without coercion or imposition, Ferguson being a trained and experienced lawyer; that it was agreed that the amount of the debt and interest to 22 September, 1924, would be $22,500, and an option was given Ferguson to repurchase the land at that price on or before that date, which he failed to do; that while Ferguson was given an opportunity to sell the land and obtain 90% of the profits over the agreed amount, plus interest and taxes, this authority was expressly agreed to end 19 June, 1929; that while Ferguson sold some of the land to Hood (Blanchard executing the quitclaim to Hood), Blanchard received no money, only notes secured by deed of trust on the land sold, and nothing has been paid to Blanchard thereon; that Blanchard, after the execution of the deed to him by Ferguson, has paid all the taxes on the land, including those for 1924, amounting to more than $3,000; that in the agreement referred to it was expressly stated that it should constitute a full settlement of all dealings between the parties, and that it contained "all agreements between said parties"; that all rights under the agreement expired 19 June, 1929; that the agreement referred to was not executed until 21 June, 1926; that in 1932 defendant received $1,399.68 from the sale of some wood.

The allegation as to the abandonment of any land to defendant Brinkley was denied. The defendants set up the ten and three years' statutes of limitation. This action was begun 23 August, 1937. Defendant offered to execute and deliver deed to plaintiffs for the land upon payment of $22,500, plus interest and taxes paid by Blanchard.

The action was referred to S. W. Black, Esq., as referee, who reported his findings of fact and conclusions of law to the court. The findings of fact may be briefly stated as follows: Plaintiffs' predecessors in title, J. W. Ferguson and wife, on 24 July, 1922, and 21 September, 1923, executed deeds of trust conveying 4,000 acres of rough, unimproved timber, and possibly mineral land, to secure the payment to Blanchard of $20,000, money borrowed, evidenced by notes due 24 July, 1923, and 21 March, 1924. On 2 April, 1924, neither principal nor any interest having been paid, Ferguson and wife executed and delivered to Blanchard deed in fee simple conveying to Blanchard the land described in the deeds of trust. A contract or agreement, dated 2 April, 1924, but actually signed 21 June, 1926, was executed by Blanchard and wife and J. W. Ferguson in which defendant Blanchard agreed to reconvey the 4,000 acres of land to J. W. Ferguson upon condition that he pay to Blanchard on or before 22 September, 1924, the sum of $22,500, it being the amount which would have been due on the original debt at that date. The agreement contained provision to the effect that if Ferguson failed to pay said sum on or before 22 September, 1924, the option and agreement to reconvey should be null and void. This agreement contained the further provision granting Ferguson option to sell the property on or before 19 June, 1929, and in event of sale pay Blanchard $22,500 with interest and taxes paid, and that if profit was realized over and above this amount on or before 19 June, 1929, Ferguson should receive 90% of net profits.

In 1926, J. W. Ferguson effected a sale of 958 acres of the land to one J. D. Hood, who paid $2,000 cash, which was retained by Ferguson, and also executed notes and deed of trust on the 958 acres for the balance of the purchase price of $28,740. It was agreed that the Hood notes should be divided between Ferguson and Blanchard, the latter to credit the notes as and when paid on the original amount of Ferguson's debt. Hood failed to pay any part of the notes or interest, and no credits have been applied therefrom. J. C. Blanchard has paid the taxes on the land for the year 1924, and for the years 1925 to 1935, inclusive, $3,054.80. J. C. Blanchard has received from sale of spruce wood $1,399.68.

The referee found "that there was no evidence of any coercion or undue influence on the part of J. C. Blanchard at the time of the execution of the contract and agreement and at the time of the deed from Ferguson and wife to Blanchard on the 2nd day of April, 1924, and

that the dealings between said Ferguson and Blanchard were *bona fide* and entered into between men of equal business ability and understanding."

There was no evidence offered as to any transaction relating to Jno. R. Brinkley. Service of summons was had only on Blanchard and Brinkley. The referee concluded as a matter of law that the deed executed by J. W. Ferguson and wife to J. C. Blanchard on 2 April, 1924, was and is *bona fide,* and does not have the effect of a mortgage; that all transactions between J. C. Blanchard and J. W. Ferguson with relation to said lands became final and settled as between these parties on 19 June, 1929; that J. C. Blanchard is owner in fee simple of the lands described; that J. C. Blanchard as holder of some of the notes has right to have the J. D. Hood deed of trust foreclosed as prayed by both parties; that no evidence having been offered as to Jno. R. Brinkley, he is entitled to judgment dismissing the action as to him.

Plaintiffs filed exceptions to the referee's conclusions of law, and also filed motion for interlocutory decree declaring the deed a mortgage, on the ground that the deed and agreement, as a matter of law, constituted the relationship of mortgagor and mortgagee between the parties, and that plaintiffs were thereupon entitled to an accounting with defendant Blanchard as mortgagee in possession.

The court below denied plaintiffs' motion for interlocutory decree, overruled the exceptions to the referee's conclusions of law, and upon consideration of the referee's findings of fact and conclusions of law adopted and approved each and all of the findings of fact and conclusions of law, and in all respects confirmed the report of the referee. Judgment was entered for the defendant Blanchard in accord with this ruling, and plaintiffs excepted and appealed.

*Frank Carter, John M. Queen, C. C. Buchanan, and Varser, McIntyre & Henry for plaintiffs, appellants.*

*Whedbee & Whedbee and Stillwell & Stillwell for defendants, appellees.*

DEVIN, J. The plaintiffs filed exception to the referee's conclusions of law, making no objection to his findings of fact as such, and challenge the judgment rendered below solely on the ground that the deed executed by J. W. Ferguson and wife to defendant Blanchard in 1924, together with the agreement appearing in the record, as a matter of law, constituted the relationship of mortgagor and mortgagee between these parties, which relationship still continues and entitles the plaintiffs, heirs and personal representatives of J. W. Ferguson, to the right of redemption and to an accounting with defendant Blanchard as mortgagee in posses-

sion.  The plaintiffs supported their exception by a motion for an inter-locutory decree based upon the same ground.

The material facts are not controverted.  They sufficiently appear from the pleadings.  No oral evidence was offered.  In 1922 J. W. Ferguson borrowed $20,000 from J. C. Blanchard and to secure the same executed deed of trust conveying to a trustee 4,000 acres of unimproved mountain land.  Nothing was paid on this debt, principal or interest, and in April, 1924, after maturity, J. W. Ferguson and wife conveyed the land to J. C. Blanchard by deed absolute with covenants of seizin and warranty, and the deeds of trust were canceled of record.  By an agreement, dated the same time but executed subsequently, Blanchard gave Ferguson the option to repurchase the land for the amount of the debt and interest, agreed to be then $22,500.  By express terms, unless this option was exercised on or before 22 September, 1924, it became null and void.  The option was not exercised.  The agreement, however, gave to Ferguson, in the event he did not repurchase, the right to effect a sale of the land on or before 19 June, 1929, and, if he could do so within that time at a price in excess of $22,500, plus additional interest and taxes paid, Ferguson should receive 90% of the excess; and in addi-tion it was provided that if Ferguson could, before 19 June, 1929, sell the timber on the land for an amount sufficient to pay the stipulated amount, Blanchard would convey to Ferguson the land subject to the timber sale.  This agreement contained this stipulation: "It is further understood and agreed that this contract is given and accepted in full settlement of all dealings or agreements heretofore made by and between the parties hereto, and all matters between them have been settled in full, and that this contract contains all agreements between said parties."

The referee found that in the execution of the deed there was no evi-dence of coercion or imposition on the part of defendant Blanchard, that the dealings between Ferguson and Blanchard were *bona fide* and entered into between men of equal business ability and understanding.

It seems to be well settled that where land has been conveyed to a trustee to secure the debt of a third person, the relationship between the trustor and the secured creditor is not such as to characterize a subse-quent conveyance of the land by the trustor to the creditor as in law presumptively fraudulent.  *Murphy v. Taylor,* 214 N. C., 393, 199 S. E., 382; *Simpson v. Fry,* 194 N. C., 623, 140 S. E., 295.

It is also settled that a deed absolute on its face cannot be converted into a mortgage unless it be established that the clause of defeasance was omitted by ignorance, mistake, fraud, or undue influence.  *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721.  However, there is neither allegation nor proof in the instant case that a clause of defeasance was omitted from the deed by mistake or inequitable conduct.

But plaintiffs do not base their exception to the referee's conclusion of law on this ground. The plaintiffs' contention is that the intention to constitute the relationship of mortgagor and mortgagee appears from the contract, and that, taking it in connection with the transmutation of the legal title by the deed, all the elements of a mortgage conclusively appear. They rely upon the principle enunciated in *Perry v. Surety Co., supra:* "Whenever a transaction resolves itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is, in equity, a mortgage. . . . There are no special words required to constitute a mortgage. The test is whether the conveyance, or the whole transaction, is a security for the payment of money, or the performance of any act or thing."

It is true that when a debtor conveys land to a creditor by deed absolute in form and at the same time gives a note or otherwise obligates himself to pay the debt, and takes from the grantee an agreement to reconvey upon payment of the debt, the transaction is a mortgage. *Robinson v. Willoughby,* 65 N. C., 520. But if the agreement leaves it entirely optional with the debtor whether he will pay the debt and redeem the land or not, and does not bind him to do so, or continue his obligation to pay, the relationship of mortgagor and mortgagee may not be held to continue unless the parties have so intended. The distinction is pointed out in *O'Briant v. Lee,* 212 N. C., 793, 195 S. E., 15, where *Connor, J.,* speaking for the Court, quotes with approval from 41 C. J., 325, as follows: "If it is a debt which the grantor is bound to pay, which the grantee might collect by proper proceedings, and for which the deed to the land is to stand as security, the transaction is a mortgage; but if it is entirely optional with the grantor to pay the money and receive a reconveyance, he has not the rights of a mortgagor, but only the privilege of repurchasing the property." And in Pomeroy's Equity Jurisprudence (sec. 1194) it is said: "Where land is conveyed by an absolute deed, and an instrument is given back as a part of the same transaction, not containing the condition ordinarily inserted in mortgages, but being an agreement that the grantee will reconvey the premises if the grantor shall pay a certain sum of money at or before a specified time, the two taken together may be what on their face they purport to be—a mere sale with a contract of repurchase, or they may constitute a mortgage."

Whether any particular transaction amounts to a mortgage or an option of repurchase depends upon the real intention of the parties, as shown on the face of the writings, or by extrinsic evidence, and the distinction seems to be whether the debt existing prior to the conveyance is still left subsisting or has been entirely discharged or satisfied by the conveyance. If no relation whatsoever of debtor and creditor is left

subsisting, the transaction is a sale with contract of repurchase, since there is no debt to be secured. Pomeroy's Equity Jurisprudence, sec. 1195.

Is the relation of debtor and creditor still existing? Was the deed intended as security? The answer to these questions determines the character of the transaction. The real intention of the parties at the time of the execution of the instrument controls. It was said in *Watkins v. Williams,* 123 N. C., 170, 31 S. E., 388, that the intention that the deed shall constitute a mortgage or security for a debt must be established by proof of facts and circumstances *dehors* the deed inconsistent with the idea of an absolute conveyance.

In *O'Briant v. Lee,* 214 N. C., 723, 200 S. E., 865, *Barnhill, J.,* discussed this subject, with citation of numerous authorities, supporting the ruling in the former opinion in that case wherein it was held that if the facts were susceptible of different interpretations, an issue for the jury was presented. Here such inferences as are capable of being drawn from the facts in evidence were found by the referee against the plaintiffs.

We are unable to concur in the view that a deed absolute on its face coupled with a contract of reconveyance for a stipulated amount within a limited time should be held, as a matter of law, without further evidence, to constitute a mortgage. There is here no extrinsic evidence of facts and circumstances that would tend to stamp the transaction as a mortgage or to give to the deed the effect of security for a subsisting obligation. It is not denied that upon the execution of the deed the deeds of trust were canceled of record, and that the defendant Blanchard thereafter listed and paid all taxes on the land. No acts of possession on this land were exercised by Ferguson. Nothing was done pursuant to the agreement save the sale of a portion of the land for which Blanchard received only notes still unpaid. The authority given to sell the land or the timber, and, if for enough to pay the stipulated amount, obligating the defendant to convey the balance, was expressly limited in time, and expired 19 June, 1929. This may not be held conclusively to denominate the transaction as a mortgage and the deed as security for a debt.

We cannot hold on this record that all the elements of a mortgage conclusively appear on the face of the written instruments. The referee's conclusion, upon the facts found, that the deed and agreement did not have the effect of a mortgage, was approved by the trial judge. In this we find no error. The order decreeing foreclosure of the Hood deed of trust was proper.

The ruling of the court below on the plaintiffs' exception to the referee's report, and on their motion for interlocutory judgment, must be
    Affirmed.