NATHAN CURRY AND WIFE, MAE CURRY, v. D. W. ANDREWS AND WIFE, JESSIE ANDREWS.

(Filed 2 June, 1949.)

**1. Mortgages § 2c—**

Evidence tending to show that trustor, threatened with foreclosure, made an agreement with a third person under which such third person was to loan trustor an amount sufficient to discharge the deed of trust, and take a mortgage to secure the loan, that trustor signed an instrument upon representations by such third person that it embodied this agreement, but that in fact the instrument was a deed, *is held* sufficient to be submitted to the jury in a suit to have equity declare the instrument a mortgage.

**2. Mortgages § 24—**

There is no fiduciary relationship between trustor and the *cestui qui trust* so that a conveyance of the property by trustor to the *cestui* would be presumed fraudulent in law, and therefore a conveyance by trustor to a third person who has purchased the note secured by the deed of trust will not be presumed fraudulent, and an instruction that the burden · rested upon such third person to prove the *bona fides* of the transaction is error.

APPEAL by defendants from *Phillips, J.,* January Term, 1949, of FORSYTH. New trial.

This was a suit to have a deed executed by plaintiffs to defendants declared to be a mortgage.

It was alleged that the instrument was intended to be a mortgage to secure· a loan to discharge an outstanding deed of trust and notes, and that plaintiffs were induced to execute the deed by the fraudulent representations of the defendants that it was a mortgage, plaintiffs being ignorant and unable to read. Plaintiffs' evidence tended to support these allegations. Defendants offered evidence *contra.*

Issues were submitted to the jury and answered in favor of plaintiffs. Two issues pertinent to the appeal were as follows:

"1. Did the defendant, D. W. Andrews, purchase and have transferred and assigned to himself the deed of trust and note executed and delivered by the plaintiffs to Carolina Mortgage Company upon the land described in the complaint, as alleged in the. complaint?

"2. If so, did the defendants, by fraud, undue influence, coercion and oppression cause the plaintiffs to execute and deliver a deed absolute on its face to the defendants, intending the same to be a mortgage, as alleged in the complaint?"

From judgment on the verdict, defendants appealed.

*Elledge & Browder, Joe W. Johnson, and Eugene H. Phillips for plaintiffs, appellees.*

*Hastings & Booe, William S. Mitchell, and Charles F. Vance, Jr., for defendants, appellants.*

DEVIN, J.   The evidence offered by plaintiffs was sufficient to carry the case to the jury, and the motion for judgment of involuntary nonsuit was properly overruled.   However, there was error in the court's instructions to the jury on the second issue, prejudicial to the defendants, for which a new trial must be awarded.

Plaintiffs' evidence tended to show that about 1933, plaintiffs being indebted to Carolina Mortgage Company for money borrowed, executed notes therefor secured by deed of trust on their home to a trustee, afterwards referred to as Keswick Corporation, Substituted Trustee.   The notes and deed of trust do not appear in the record, but it was admitted that this was the form of the original transaction, though at times the deed of trust was loosely referred to in the evidence as a mortgage.   In 1937 plaintiffs, threatened with foreclosure by the trustee, instituted suit against Keswick Corporation, Substituted Trustee, and the Carolina Mortgage Company to restrain the sale.   Pending this suit plaintiffs applied to the defendants for a loan to take up and cancel this deed of trust.   Defendants agreed to do so upon plaintiffs' executing a mortgage on the property to them in the sum of $1,425, which would include the amount outstanding on the debt secured by the deed of trust, plus interest on the new loan, taxes and street assessments.   According to plaintiffs' testimony they signed a paper which they were induced by defendants' representations to believe embodied this agreement, and made payments thereon aggregating $1,808.   In 1944, learning that defendants claimed $2,000 still due, plaintiffs employed counsel, and upon investigation discovered that the paper they had signed was not a mortgage but on its face an absolute deed.   Plaintiffs, unable to read, relied upon the false representations of defendants.   This suit was instituted in August, 1944.

Defendants' evidence was in sharp contradiction as to the *bona fides* of the transaction, and tended to show that plaintiffs executed the deed for a valuable consideration and with full knowledge of its effect, and that plaintiffs thereafter remained in possession as tenants of defendants.

The court charged the jury on the second issue as follows:

"If you have answered the first issue yes, that is, that the defendant, D. W. Andrews, purchased and had transferred and assigned to himself the deed of trust and note executed and delivered by the plaintiffs to Carolina Mortgage Company upon the land described in the complaint, the law at once creates the fiduciary relation of mortgagor and mortgagee between the plaintiff and defendant; and this being so, the deed from

plaintiff could only be a purchase of plaintiff's reversionary interest in the land, which the law presumes to be fraudulent, and the burden then rests upon the mortgagee, that is, the defendant(s), to show the *bona fides* of the transaction."

It is apparent that the court applied to the facts of this case the principle stated in *McLeod v. Bullard,* 84 N.C. 515. *Massengill v. Oliver,* 221 N.C. 132, 19 S.E. 2d 253; *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615. This rule applies where the relationship of mortgagor and mortgagee exists and in respect to transactions affecting the mortgaged property. But here the plaintiffs had executed a deed of trust on the property to a trustee—Keswick Corporation, Substituted Trustee, or its predecessor—to secure notes evidencing a debt due Carolina Mortgage Company, and in 1937 these notes and deed of trust were acquired by the defendants. The relation between the plaintiffs and defendants was not that of mortgagor and mortgagee. The defendants were or became the holders of the evidence of plaintiffs' indebtedness which had been secured by a conveyance of the legal title to the property to a third party trustee. Hence, as pointed out in *Simpson v. Fry,* 194 N.C. 623, 140 S.E. 295; *Murphy v. Taylor,* 214 N.C. 393, 199 S.E. 382; *Ferguson v. Blanchard,* 220 N.C. 1, 16 S.E. 2d 414; and *Stell v. Trust Co.,* 223 N.C. 550 (554), 27 S.E. 2d 524, there was not such a relationship as would be sufficient to raise a presumption of fraud as a matter of law and to cast upon the defendants the burden of exculpating themselves therefrom. In *Simpson v. Fry, supra, Justice Connor* states the reasons why the rule in *McLeod v. Bullard, supra,* was inapplicable to the relation of trustor and secured creditor. In *Ferguson v. Blanchard, supra,* it was said: "It seems to be well settled that where land has been conveyed to a trustee to secure the debt of a third person, the relationship between the trustor and the secured creditor is not such as to characterize a subsequent conveyance of the land by the trustor to the creditor as in law presumptively fraudulent."

We think the court placed upon the defendants a greater burden than they were in law required to carry, and that they are entitled to another hearing. As there must be a new trial, we have found it unnecessary to decide other matters brought forward in defendants' appeal as they may not again arise.

New trial.