GEORGE J. HODGES v. FIRTH FRANKLIN HODGES AND WIFE, MAUDE E. HODGES

No. 8311SC467

(Filed 20 March 1984)

**Appeal and Error § 68.2; Mortgages and Deeds of Trust § 1— former appeal of same case—sufficiency of evidence as to finding of mortgage—law of the case**

In an action in which plaintiff sought a judgment requiring defendants to reconvey to plaintiff a tract of land that plaintiff had deeded to his brother, the defendant, the Court adopted an earlier holding by the Court as the law of the case where the same facts and the same questions were involved in both appeals. In the first appeal, the Court comprehensively reviewed the law by which a court determines whether a particular transaction constitutes a deed and option or a mortgage and concluded that the evidence was insufficient to find that the parties intended to create a debt, and due to the material similarity of the evidence adduced at both trials, the trial court's granting of a directed verdict in favor of defendants at the second trial was proper.

APPEAL by plaintiff from *Smith, Judge.* Judgment entered 12 October 1982 in Superior Court, HARNETT County. Heard in the Court of Appeals 12 March 1984.

Plaintiff instituted this civil action seeking a judgment requiring defendants to reconvey to plaintiff a tract of land that plaintiff had deeded absolutely to his brother, the defendant Firth Hodges. This action has been filed three times and tried twice. The first action was apparently abandoned for insufficient process. The second action resulted in the first trial and former appeal of this case, reported as *Hodges v. Hodges*, 37 N.C. App. 459, 246 S.E. 2d 812 (1978).

That appeal was brought by defendants when the trial court denied their motion for a directed verdict. This Court held that the trial court erred in denying defendants' motion. However, since defendants had failed to move for a judgment notwithstanding the verdict, this Court could not order judgment entered consistent with its holding, but could only remand for a new trial. Upon remand, plaintiff took a voluntary dismissal, and subsequently refiled the case for the third time as this action. At the resulting second trial, defendants again moved for a directed verdict at the close of plaintiff's evidence. The motion was granted, and from the order granting the directed verdict, plaintiff appeals.

*Neill McK. Ross, for plaintiff appellant.*

*Mast, Tew, Armstrong & Morris, P.A., by George B. Mast and John W. Morris, for defendant appellees.*

VAUGHN, Chief Judge.

A full factual summary of this case is contained in our previous opinion. *See Hodges v. Hodges, supra.* We only briefly review here the major facts as they pertain to this appeal.

On the death of their mother intestate, plaintiff and his brother, the defendant Firth Hodges, inherited a parcel of land as tenants in common which they divided by cross-deeds into two separately owned tracts. The tract received by plaintiff is the subject of this action.

At some point subsequent to the division of the farm land, plaintiff needed funds for his trucking business. He contacted his brother and the result of their discussions was an arrangement by which plaintiff would convey his tract to Firth, who would use the entire tract as security for a $25,000 loan, the proceeds of which would be received by plaintiff. In addition, Firth would give plaintiff the option to buy back plaintiff's tract for $25,000, with provisions for adjusting the $25,000 figure if certain expenses were incurred. There was an express stipulation that the option could only be exercised within a certain amount of time. The resultant deed, deed of trust, and option agreement were recorded, and the loan was closed.

The evidence tends to show that on the date by which the option was to be exercised, plaintiff sent Firth a telegram requesting the execution of a deed so that the parties could "close the matter as above specified." However, no deed was ever sent to plaintiff, nor was any money tendered to defendant Firth. Plaintiff, believing he was entitled to the tract of land he had deeded to his brother, decided to take legal action to regain it. This decision resulted in the filing of three lawsuits, of which this is the third.

In his complaint, plaintiff alleges several theories to support reconveyance, but the only one pertinent to this appeal is that the deed was actually given to secure an indebtedness and should be reformed to reflect a mortgage between the parties. At the close

of plaintiff's evidence, the trial court granted defendants' motion for a directed verdict. Plaintiff appeals from the order granting the directed verdict.

To prevail upon this appeal, that is, to show that the trial court erred in directing a verdict for defendants, plaintiff must show that he presented evidence at the second trial materially different from that produced at the first trial, and plaintiff must further show that the directed verdict was improperly granted. We hold that plaintiff has not so shown and therefore affirm.

It has been stated that upon remand, substantially different facts must be shown before an appellate court can consider the same question on a subsequent appeal.

> As a general rule, when an appellate court passes on questions and remands the case for further proceedings to the trial court, the questions therein actually presented and necessarily involved in determining the case, and the decision on those questions become the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal. . . .

*Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 239, 210 S.E. 2d 181, 183 (1974) (citations omitted), *quoting Collins v. Simms*, 257 N.C. 1, 11, 125 S.E. 2d 298, 305 (1962).

In deciding whether the evidence on retrial is substantially the same, or materially different, from that adduced at the previous trial, it is necessary to examine and compare the evidence offered at each trial. As our Supreme Court concluded in one case, where such a comparison discloses "variances, discrepancies, omissions and some additions, in minor details, [b]ut in basic trend and content there is no material difference in the evidence adduced, [i]t is substantially the same." *Maddox v. Brown*, 233 N.C. 519, 522, 64 S.E. 2d 864, 866 (1951).

We have examined and compared the evidence adduced at the two trials in the instant case, paying particular attention to the testimony that plaintiff claims demonstrates material factual differences in the evidence. Our comparison reveals no material differences, and we are thus compelled to accept this Court's ear-

lier decision reversing the denial of defendants' motion for a directed verdict as "the law of the case."

In particular, we do not think that the affidavit and oral testimony offered at the second trial by Y. T. Jernigan, a former tenant of the land that is the subject of this action, materially contradicts the testimony that he offered at the first trial. In his affidavit, Mr. Jernigan stated that "Firth also told me that he had George's land for security for the $25,000 he had given to George." At the second trial he testified that plaintiff "made the arrangements with his brother to give him, secure his money with the deed." This is substantially similar to Mr. Jernigan's testimony at the first trial, where he stated that he had "heard Firth say that he loaned George Twenty-Five Thousand Dollars." We agree with this Court's assertion on the first appeal of this matter that while these bits of evidence are "inconsistent with the idea of a sale," they are of "such scant probative value as to be insufficient . . . to carry plaintiff's case to the jury." *Hodges v. Hodges, supra,* at 469, 246 S.E. 2d at 818.

Having concluded that the evidence adduced at the two trials is substantially similar, there is no need to consider whether the trial court at the second trial erred in granting defendants' motion for a directed verdict. As the same facts and the same questions were involved in both appeals, we must adopt the earlier holding of this Court as the law of the case. *See Transportation, Inc. v. Strick Corp., supra,* at 239, 210 S.E. 2d at 183. We nevertheless express our approval of this Court's reasoning and application of the law as contained in our prior opinion. In this opinion, the Court treated plaintiff's principal theory as "based on his allegations that at the time the deed and contract providing plaintiff an option to repurchase were executed and delivered the relationship of debtor and creditor existed between him and his brother, Firth, and that the deed and contract together were intended to constitute and did constitute a mortgage." *Hodges v. Hodges, supra,* at 466, 246 S.E. 2d at 816.

In the first appeal, this Court comprehensively reviewed the law by which a court determines whether a particular transaction constitutes a deed and option or a mortgage. There is no need for us to do more than briefly synopsize that law here. "[T]he inquiry in every case must be, whether the contract in the specific case is

a security for the repayment of money or an actual sale." *Conway v. Alexander,* 11 U.S. (7 Cranch) 218, 236-37, 3 L.Ed. 321, 328 (1812).

> Whether any particular transaction amounts to a mortgage or an option of repurchase depends upon the real intention of the parties, as shown on the face of the writings, or by extrinsic evidence, and the distinction seems to be whether the debt existing prior to the conveyance is still left subsisting or has been entirely discharged or satisfied by the conveyance.

*Ferguson v. Blanchard,* 220 N.C. 1, 7-8, 16 S.E. 2d 414, 418 (1941). In ascertaining the true intent of the parties at the time of a transaction, evidence of "[t]he intention [to create a mortgage] must be established, not by simple declaration of the parties, but by proof of facts and circumstances *dehors* the deed inconsistent with the idea of an absolute purchase . . . ." *O'Briant v. Lee,* 214 N.C. 723, 731, 200 S.E. 865, 870 (1939).

We have already held that the evidence adduced at the second trial of this action differed in no significant manner from that of the first trial. We agree with the previous conclusion of this Court that other than plaintiff's testimony that the transaction was intended as a loan, there was no evidence that the parties intended to create a debt, and that such evidence is not sufficient to take the case to the jury.

The plaintiff himself testified at both trials that he was under no obligation to repay his brother. At the first trial plaintiff testified that he knew he had "the right to do it or not to do it [exercise the option] at my own choice . . . ." *Hodges v. Hodges, supra,* at 470, 246 S.E. 2d at 818. At the second trial plaintiff stated, "The option contract said what you had to do to exercise the option." Where there is no obligation to repay, as here, there is no debt and thus no mortgage.

In order for a moving party to be awarded a directed verdict, all of non-movant's evidence must be taken as true, the non-movant is to be given the benefit of reasonable inferences, and any inconsistencies are to be resolved in non-movant's favor. *See Jones v. Development Co.,* 16 N.C. App. 80, 84, 191 S.E. 2d 435, 438, *cert. denied,* 282 N.C. 304, 192 S.E. 2d 194 (1972). Applying

these rules to the case, we find that the evidence does not support plaintiff's contention that a mortgage was created by the dealings between the parties, and hold that the trial court did not commit error in granting a directed verdict.

Although we hold that the transaction in question was a deed and option, i.e., an absolute sale with an option granted back to the plaintiff to repurchase within a specified time, we do so without passing on the question of whether plaintiff properly exercised his rights under the option. Plaintiff did not proceed at trial on the theory that he complied with all the necessary conditions in order to exercise his option; rather, he argued that the parties intended to create a mortgage debt.

In summary, due to the material similarity of the evidence adduced at both trials, and the correct application by this Court of the law concerning the creation of a mortgage debt to the facts adduced at the first trial, the trial court's granting of a directed verdict in favor of defendants at the second trial was proper, and the judgment appealed from is hereby affirmed.

Affirmed.

Judges WHICHARD and PHILLIPS concur.